[L. A. No. 590.    Department Two.—December 13, 1899.]

E. E. KEECH, Assignee, etc., Appellant, v. RICHARD BEATTY et al., Respondents.

127  177
133  440

127  177
137  618

127  177
148  175

INSOLVENCY—REPLEVIN BY ASSIGNEE—SUPPLEMENTAL ANSWER—JUDGMENT IN ANOTHER ACTION—RES ADJUDICATA.—In an action of replevin brought by an assignee of insolvent debtors to recover property sold at sheriff's sale by preferred creditors, the defendants may be allowed to set up by supplemental answer that, in another action commenced in another county by the assignee to recover the same property against two of the same defendants, judgment had been rendered in favor of the defendants and against the plaintiff. Such judgment is *res adjudicata*, and operates as an estoppel between the parties thereto, whether erroneous or not.

ID.—EVIDENCE—OPINION OF JUDGE—LEGAL EFFECT OF JUDGMENT.—The opinion of the judge rendering the judgment relied upon as an estoppel is not admissible to control the legal effect of the judg-

ment where the record shows that the cause of action and the parties are the same, as respects the plaintiff and two of the defendants to the present action.

ID.—FINDINGS—DEFEAT OF RECOVERY.—Where the court finds upon sufficient evidence in favor of the defense of *res judicata* as to two of the defendants, and that the only other defendant did not have in his possession any of the property described in the complaint at the commencement of the action, and that plaintiff is not, and never has been, the owner, nor entitled to the possession of the property, the plaintiff is not entitled to recover.

ID.—CONSISTENCY OF FINDINGS—PURCHASE AT SHERIFF'S SALE—INTENDED PREFERENCE BY INSOLVENTS—ESTOPPEL BY JUDGMENT—OWNERSHIP.— Findings that one of the defendants purchased the property described in the complaint at sheriff's sale, and had disposed of a large part of it before the commencement of the action, and that he and another defendant, parties to the suit in which the other judgment was rendered, seized the property upon execution, for the purpose of obtaining a preference, having reasonable cause to believe the debtors insolvent, are not inconsistent with the findings that the judgment is an estoppel between the parties thereto, and that the plaintiff is not, and never has been, the owner of, nor entitled to the possession of, the property.

APPEAL from a judgment of the Superior Court of Orange County. J. W. Ballard, Judge.

The facts are stated in the opinion.

Graves, O'Melveny & Shankland, for Appellant.

The complaint having stated the facts, the recovery ought not to be based merely upon the question of possession of defendants at the commencement of the action, but the recovery should be for the value of the property converted. (*Luhrs v. Kelly,* 67 Cal. 289; *Washburn v. Huntington,* 78 Cal. 573; *Burke v. Koch,* 75 Cal. 356; *Bull v. Houghton,* 65 Cal. 422; *Grunsky v. Parlin,* 110 Cal. 179; *Bernheim v. Christal,* 76 Cal. 567.) Any preference by an insolvent debtor is void, as against the assignee. (*Salisbury v. Burr,* 114 Cal. 455.) The record of the suit in the superior court of Los Angeles county does not show an adjudication of the same subject matter as that here involved. No evidence was given of insolvency in that case, but it was tried upon a different claim, and was not an adjudication upon the merits of the title to the property, and is not a bar to this action. (*Barnum v. Reynolds,* 38 Cal. 643; *Oakland v. Oakland*

*Water Front Co.*, 118 Cal. 222; *Hooker v. Thomas*, 86 Cal. 176; Code Civ. Proc., sec. 1908, subd. 2, sec. 1911.)

Brousseau & Montgomery, and James G. Scarborough, for Respondents.

There was no joint wrongdoing, and the acts of the purchaser cannot bind or prejudice his codefendants. (Code Civ. Proc., sec. 1848; *Kilburn v. Ritchie*, 2 Cal. 145; 56 Am. Dec. 326; *Dean v. Ross*, 105 Cal. 227, 231.) The plaintiff is bound by the case made in the complaint, and the relief therein prayed for determines the nature of the action as one of replevin. (*Nevada etc. Co. v. Kidd*, 37 Cal. 282.) The plaintiff cannot succeed as against a defendant not in possession at the commencement of the action. (*Riciotto v. Clement*, 94 Cal. 105.) The record in the other suit shows that the causes of action were identical, and, being brought by the same plaintiff against the same defendants, the judgment is a bar to this action. (*Taylor v. Castle*, 42 Cal. 367; *Ferrea v. Chabot*, 63 Cal. 567; *Hall v. Susskind*, 109 Cal. 203; *Woolverton v. Baker*, 98 Cal. 628.) The fact that there are more defendants in the second action, does not affect the bar in favor of the same defendants in both actions. (*Rehman v. New Albany etc. Ry. Co.*, 8 Ind. App. 200; *Atkinson v. State Bank*, 5 Blackf. 85; *Mullen v. Mullock*, 22 Kan. 598; *Beyersdorf v. Sump*, 39 Minn. 495; 12 Am. St. Rep. 678; *Memphis v. Dean*, 8 Wall. 64.) The fact that the other action was commenced after the present suit does not render the first judgment any less a bar to a second contrary judgment. (*Martin v. Walker*, 60 Cal. 94; *Bolander v. Gentry*, 36 Cal. 105; 95 Am. Dec. 162; *North Bank v. Brown*, 50 Me. 214; 79 Am. Dec. 609.) The opinion of the judge was not admissible to contradict the judgment-roll in the other action. (*Hobbs v. Duff*, 43 Cal. 490; *Wilson v. Wilson*, 45 Cal. 399; *Haggin v. Clark*, 71 Cal. 444.)

COOPER, C.—This is an appeal from a judgment made and entered in the superior court of Orange county in favor of defendants, and comes here on the judgment-roll and a bill of exceptions. The action was brought to recover the possession of specific personal property, or, in case a delivery cannot be had,

the value thereof. The findings show the facts substantially as follows: On the tenth day of May, 1895, John Beatty, Jr., and Robert Beatty, as copartners, being the owners of a stock of merchandise, notes, and accounts of the value of five thousand six hundred and fifty dollars, were insolvent and unable to pay their debts as they became due, and on said day they procured the said stock of merchandise to be levied upon and seized by virtue of two executions against them issued on two separate judgments which had been duly given and made, one in favor of the First National Bank of Santa Ana, and the other in favor of one Richard Beatty. That the said copartners procured the said property to be levied upon with a view of giving the said judgment creditors a preference, and that the said judgment creditors, at the time of the issuing and levy of the said executions, had reasonable cause to believe that said copartners were insolvent and that the said levy under said executions was made to prevent the property from coming to the assignee in insolvency and to delay and impede the operation of the Insolvent Act of 1880. On the eighteenth day of May, 1895, more than five creditors of the said copartners filed their petitions in the superior court, in due form and properly verified, asking to have said copartnership adjudged insolvent under the provisions of the Insolvent Act of 1880.

On the twenty-third day of May, 1895, the defendant Crookshank, at sheriff's sale, under the executions hereinbefore referred to, became the purchaser of the property described in the complaint and took possession thereof at said time, and at the time of said sale the said Crookshank had notice of the fact that the said copartners were insolvent and that a petition had been filed to have them adjudged insolvent as herein stated.

This action was commenced April 13, 1896, and at the time of its commencement the defendant Crookshank had in his possession only a remnant of the said goods and merchandise, the total value of which did not exceed seven hundred and fifty dollars, and neither of the other defendants had any part of the said property in their possession. On March 18, 1896, the plaintiff, having been duly elected assignee of the said insolvent copartners, took the proper oath, duly qualified and en-

tered upon the discharge of his duties as such assignee, and on the same day the clerk of the court, in pursuance of the statute, duly conveyed by instrument in writing all the property of said insolvent copartners to the plaintiff as such assignee. On the eighth day of June, 1896, the plaintiff, as assignee, commenced an action against the defendants Crookshank and the defendant bank in the superior court of Los Angeles county to recover the value of the same property described in the complaint in this action, and the said defendants in said last-named action duly filed their answer. That the said action so commenced in the superior court of Los Angeles county was by the same plaintiff who is the plaintiff in this action, and in the same right, and was against two of the same defendants who are defendants in this action, and involved the same property and subject matter as that in litigation here. That the said action so brought in the superior court of Los Angeles county resulted in a judgment, on the sixteenth day of March, 1897, duly given and made in favor of the defendants therein and against the plaintiff, and by the judgment it was duly adjudged and decreed that the defendant Crookshank was the owner and had valid title to the said property, and that plaintiff was not, and never had been, the owner of the said property nor any part thereof.

The court in this case further found that the plaintiff is not, and never has been, the owner of the property described in the complaint nor any part thereof, nor entitled to the possession thereof.

As conclusions of law, the court found that the judgment so rendered on the sixteenth day of March, 1897, in the superior court of Los Angeles county, was and is final, and is a bar to the present action as to defendant Crookshank and the defendant bank; that plaintiff is not entitled to recover, and that defendants are entitled to judgment. The judgment is clearly the legal conclusion from the facts found. The greater portion of the plaintiff's brief is devoted to arguing the insufficiency of the evidence to support portions of findings Nos. 5, 6, and 7.

We have carefully read the evidence, and we think the evidence supports the findings. The defendants, by leave of

court, were allowed to file supplemental answers in which they set up by way of plea in bar a judgment rendered against plaintiff by the superior court of Los Angeles county on March 16, 1897. The plaintiff objected to the filing of the supplemental answers on the ground that they were immaterial, and demurred to them after they were filed upon the ground that they did not state facts sufficient to constitute a defense. The objection was overruled and so were the demurrers. It is now urged that the rulings were erroneous because "the supplemental answers reveal the lack of identity of issuable facts."

The supplemental answers show that the same plaintiff who is now plaintiff, and in the same right, commenced the action in the superior court of Los Angeles. The answers each set up a copy of the complaint in the action commenced in Los Angeles. The description of the property in that case as contained in paragraph 2 of the complaint is of the identical property described in the complaint in this case, and in each case the goods and merchandise are described as in "the business, store, and salesroom No. 202 West Fourth street, at the southwest corner of Fourth and Sycamore streets, in the said city of Santa Ana." The answers show that in the Los Angeles case the plaintiff made the same allegations as to his appointment as assignee, qualifications, etc., as he has made in the present case. The supplemental answers further expressly allege that the persons, property, and transactions set forth in plaintiff's complaint in Los Angeles "are identically the same as those described and set forth in the complaint filed in this action." The orders of the court allowing the supplemental answers to be filed and overruling the plaintiff's demurrers thereto were correct. The answers showed that the issuable facts in the case in which the final judgment was rendered were the same as in the case at bar. The record does not show that any objection was made to the answers being filed on the grounds urged by plaintiff in his brief. The objection was that they were immaterial. Neither does the record show that any such ground was urged on demurrer. The demurrers were solely upon the ground "that the same did not state facts sufficient to constitute a defense." The plaintiff at the trial offered in evidence the written opinion of the judge of the superior court

of Los Angeles county in the action which resulted in a final judgment against plaintiff in that county "for the purpose of showing the nature of that action and the issues which were submitted to the court for its consideration."

The defendants objected upon the ground that the opinion was incompetent, irrelevant, and immaterial, and no part of the record in that case. The court sustained the objection, and the ruling is now claimed to be error. The opinion of the judge was no part of the record. If it be conceded that parol evidence may be given as to what the issues were in the former suit, the parol evidence would have to be competent. The written opinion, without even the form of having been made under oath, was not competent evidence for the purpose for which it was offered. It is urged that the estoppel in the former case could not apply to defendant Beatty for the reason that he was not a party thereto. The court below did not find as a conclusion of law, or otherwise, that the former judgment was a bar as to defendant Beatty. It did find, however, that defendant Beatty did not have in his possession at the time of the commencement of this action any of the property described in the complaint. In such case in an action in claim and delivery the plaintiff cannot recover. (*Riciotto v. Clement,* 94 Cal. 105.)

It further found that plaintiff is not and never has been the owner nor entitled to the possession of the property. In such case he is not entitled to recover. (*Cardinell v. Bennett,* 52 Cal. 476; *Fredericks v. Tracy,* 98 Cal. 658.)

The findings are not inconsistent. Finding 5 shows that defendant Crookshank purchased the property described in the complaint at sheriff's sale on May 23, 1895, and took possession of it, but that he had sold and disposed of all of it, except a remnant worth about seven hundred and fifty dollars, prior to the time this action was commenced. This is not inconsistent with the finding of estoppel by reason of the former suit, neither is it inconsistent with finding 7 that plaintiff is not and never has been the owner of nor entitled to the possession of the property. The finding that defendants, the bank and Beatty, seized the property upon executions with a view to obtain a preference, and that at the time they had reasonable

cause to believe the copartners to be insolvent, is not inconsistent with the finding of the estoppel by reason of the former judgment between the same parties and involving the same subject matter. The former judgment may have been erroneous, but it being a final judgment its effect as *res judicata* is none the less binding in this case. (Freeman on Judgments, sec. 249; Bigelow on Estoppel, 5th ed., 261.)

We advise that the judgment be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          McFarland, J., Temple, J., Henshaw, J.