[L. A. No. 1268.   Department One.—January 27, 1903.]

W. H. WELDON, and EDWARD MAHER, Petitioners, v.
SUPERIOR COURT OF LOS ANGELES COUNTY,
and N. P. CONROY, Judge, Respondents.

CERTIORARI—REVIEW OF JUDGMENT—JURISDICTION—REMEDY BY APPEAL.
—A writ of review will not lie to annul an erroneous judgment, of
which the court had jurisdiction, and from which there is a remedy
by appeal.

ID.—EQUITABLE JURISDICTION—FORECLOSURE OF LIEN—PROCEEDINGS TO
REACH FUNDS.—The superior court has jurisdiction in equity both
of a proceeding to foreclose a mechanic's lien and also of a pro-
ceeding to reach the funds due to the contractor in the hands of the
owner of the building, in which there must be an accounting and
adjustment of the equities of all parties concerned in such funds.

WRIT OF REVIEW from the Supreme Court to the Su-
perior Court of Los Angeles County.  N. P. Conroy, Judge.

The facts are stated in the opinion.

Robert W. Kemp, for Petitioners.

Henry C. Dillon, for Respondents.

CHIPMAN, C.—Writ of review.  James Swinford, as a
materialman, brought an action against Edward Maher, as
owner, and W. H. Weldon, as contractor, to enforce a lien on
a certain lot for material furnished in the construction of a
building belonging to Maher.

At the trial, and to make the complaint conform to the
proof of the fact, the court allowed plaintiff to amend by
alleging that on July 9, 1901, he duly served on the owner
personally the statutory notice, under section 1184 of the
Code of Civil Procedure, that he had furnished said mate-
rials to the contractor, which were of the value of $84, and
notifying the owner to withhold from the contract price the
amount due plaintiff, and pay the same to plaintiff upon
completion of the building; also alleging by the amendment
that at the time said notice was served the owner was in-
debted to the contractor in a sum not less than $600.  The

court found that the contract for the whole work was for a sum not less than $2,500; that the work was commenced April 10, 1901, and was completed in accordance with the terms of the contract on September 20, 1901; that the contract was not recorded, but there remained at its completion, in the hands of the owner and due the contractor, a sum not less than $600; that plaintiff Swinford furnished materials, as claimed by him, of the value of $84; that the notice above referred to was served by him on the owner as alleged; "that on September 26, 1901, the plaintiff, for the purpose of securing and perfecting a lien on the moneys so due to him as aforesaid, under said contract, . . . filed for record . . . his claim duly verified by him." The notice of lien states that a lien is claimed on a certain lot (describing it) and is sufficient in form. As conclusions of law, the court found that plaintiff was entitled to judgment against Weldon, as principal debtor, for $84, with interest and costs of the action, and against Maher, the owner, "as garnishee for the sum of $59 of said contractor's indebtedness of $84, with interest and costs as aforesaid, less the filing fee of $1.20"; that by virtue of the said notice of July 9, 1901, "plaintiff became and was entitled to, and thereby acquired as by equitable garnishment, a lien upon the fund then in the hand of the owner, . . . belonging to and owing to the said contractor, . . . found to be not less than $600, for the amount of plaintiff's claim to the extent of $59 and said interest and costs, and . . . it became the duty of the said owner to withhold from the said contractor sufficient money to answer said claim, and any lien that might be filed therefor. . . . And that said plaintiff is entitled to have said judgment paid out of the said fund, and the deficiency, if any there be, out of the property of said defendant Weldon." The court also found in its conclusions of law "that plaintiff, by reason of the variance between the proofs and the allegations of the said recorded claim of lien, is not entitled to a lien upon the said building, nor to the costs of filing said claim, nor to attorneys' fees." Judgment was entered accordingly.

Petitioners' contention is, that the court had not jurisdiction to enter the judgment referred to, for the reasons,—1. That as the lien on the land could not be enforced, there could be no judgment except at law for the value of the

materials, and the claim being for less than three hundred dollars, the court was without jurisdiction to enter such judgment (citing *Miller* v. *Carlisle,* 127 Cal. 327); and 2. That the notice, under section 1184 of the Code of Civil Procedure, conferred no lien, and the action as to that feature of the case was not an equitable action, and the court was therefore without jurisdiction to enter the judgment, and no appeal was available to the defendants in that action.

It is urged by respondent that the writ should be dismissed, because the remedy of petitioners was by appeal from the judgment in the action of Swinford *v.* Maher and Weldon; that the court had jurisdiction in that action, and the judgment was appealable. A writ of review may be granted where the court "has exceeded the jurisdiction of such tribunal, . . . and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy." (Code Civ. Proc., sec. 1068.) If an appeal could have been taken by Maher and Weldon, and the questions now here could have been determined in that appeal, the writ will not lie. Erroneous judgments cannot be corrected by this writ where the court had jurisdiction of the cause, but error must be corrected by appeal. This is too plain to require the support of authorities, of which there are many. The action, so far as it sought to foreclose the lien against the premises, was unquestionably an equitable suit. It is contended by respondent that the proceeding to reach the fund in the hands of the owner was also equitable.

In this contention we agree with respondent. The supreme court has appellate jurisdiction in all cases in equity, except such as arise in justices' courts. (Const., art. VI, sec. 4.) It hence follows that the writ must be dismissed if appellant had an appeal.

Section 1184 of the Code of Civil Procedure is a part of the legislative scheme devised, pursuant to the constitutional provision, to provide security to mechanics, laborers, materialmen, and others mentioned for their labor bestowed or materials furnished in the erection or improvement of buildings. The giving of the statutory notice does not establish a lien on the fund in the owner's hands in the sense that the recorded lien is established on the buildings and land, under section 1183, but it does not follow that no sort of equitable

lien may not be enforced against the fund referred to in section 1184. The section first deals with the contract and payments under it, and a reserved fund by the owner of twenty-five per cent of the contract price, which he is to withhold for thirty-five days. Provision is made to protect any lienholder, under section 1183, from payments by the owner before due under the contract. It is then provided that "any of the persons mentioned in section 1183, except the contractor, may at any time give to the reputed owner a written notice that they have . . . furnished materials, . . . stating in general terms the kind of . . . materials," etc. . . . "Upon such notice being given, it shall be the duty of the person who contracted with the contractor [the owner here] to, and he shall, withhold from his contractor, . . . sufficient money due, . . . to answer such claim and any lien that may be filed therefor for record under this chapter, including counsel fees not exceeding one hundred dollars in each case, besides reasonable costs provided for in this chapter."

The effect that may be given to this section does not depend upon the lien provided for in section 1183. Whether the notice may result in establishing an equitable garnishment or assignment, or confers an equitable lien, or is a form of equitable subrogation regulated by statute, as it has been variously termed, this court has said "the right to control and direct the funds remaining in the hands of the owner is as distinct and independent as the right to file and enforce a lien. It is a remedy entirely disconnected from and additional to the remedy by lien upon the building, . . . which should be regarded with favor by the court." (*Bates* v. *Santa Barbara County*, 90 Cal. 543. See, also, *Bank* v. *Perris Irr. Dist.*, 107 Cal. 55; *Bianchi* v. *Hughes*, 124 Cal. 27.) In this latter case it was said: "This right to garnishee the moneys of the contractor in the hands of the owner is limited by the terms of the section to the persons mentioned in section 1183, and is but a cumulative or additional remedy given for the purpose of enforcing in another mode the right for which by section 1183 a lien is authorized." Doubtless Swinford, the materialman, might have brought his action, on the law side of the court, against Weldon, the contractor, and served the ordinary garnishment on the owner, Maher, but

he was not restricted to this remedy. An action at law would not lie against the owner alone, for his liability would depend on the liability of the contractor being first determined. Where the action is by the materialman against both the owner and contractor, the owner might defend by showing that there were other claimants to the fund, who had served like notice on him, in excess of the amount in his hands, and this would necessitate an accounting and an apportionment among the several claimants of the fund, after the liability of the contractor had been fixed. In most cases this very situation would arise. But such an action (and this is in fact such a one, except there is but one claimant) would clearly be equitable. That the court should permit such proceeding to be brought, and thus determine in one action the rights of the parties and secure to the materialman the fruits of his notice, and compel the owner to perform the duty imposed upon him by statute, we feel quite sure.

In treating the constituent parts of equity, Mr. Pomeroy makes a classification of remedies of pecuniary compensation, and in the class he recognizes "cases in which the relief is not a *general* pecuniary judgment, but is a decree of money, to be obtained and paid out of some particular fund or funds. The equitable remedies of this species are many in number," says the author, "and various in their external forms and incidents. They assume that the creditor has, either by operation of law, or from contract, or from some acts or omission of the debtor, a lien, or charge, or encumbrance upon some fund or funds belonging to the latter, either land, chattels, things in action, or even money; and the *form* of the remedy requires that this lien or charge should be established, and then enforced, and the amount due obtained by a sale, total| or partial, of the fund, or by a sequestration of its rents, profits, and proceeds." Again, the author says: "There is also another species of pecuniary remedies, closely analogous to the last, and different from it only in the additional element of a distribution of the pecuniary awards among two or more parties having claims either upon one common fund or upon several funds." (1 Pomeroy's Equity Jurisprudence, sec. 112.) Mr. Story says: "There is generally no difficulty in equity in establishing a lien, not only on real estate but on personal property, or on money in the hands of

a third person, wherever that is a matter of agreement, at least against the party himself and third persons who are volunteers or have notice. For it is a general principle in equity that as against the party himself, and any who claim under him voluntarily or with notice, such an agreement raises a trust.'' (2 Story's Equity Jurisprudence, sec. 123.)

As we understand *Bates* v. *Santa Barbara County*, 90 Cal. 543, substantially the same remedy was enforced as in the case here. But if not, we think, upon the principles of equity jurisprudence, the remedy may be given under that branch of the law, as was done in the case brought here by the writ. If the defendants in that action felt aggrieved they should have appealed; and not having done so, they cannot have the writ, which can have no other office in the present case but to review and correct alleged errors at that trial. This the law does not permit.

It is advised that the writ be dismissed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the writ is dismissed.        Van Dyke, J., Shaw, J., Angellotti, J.