[Civ. No. 1381.  Second Appellate District.—July 2, 1913.]

A. FREY, Petitioner, v. THE SUPERIOR COURT OF SAN
DIEGO COUNTY, et al., Respondents.

MECHANICS' LIENS—ACTION OF FORECLOSURE—ORDER OF PAYMENT TO
ONE FILING INSUFFICIENT CLAIM.—In a proceeding to enforce
mechanics' liens, one who has not filed a claim of lien, or who has
filed an insufficient claim, but who has served notice on the owner
that he has furnished materials, stating the amount thereof and
directing that the amount of his claim be withheld by the owner, is
entitled, if a party to the proceedings in foreclosure, to have an
order of court directing the payment to him by the owner of such
sum, under the notice provided by section 1184 of the Code of Civil
Procedure, as it may appear to the court he is entitled.

ID.—FORECLOSURE OF LIEN—EQUITABLE POWERS OF COURT.—The action
to foreclose a mechanic's lien is an equitable one, and the power to
direct the payment of money, after notice provided for in such sec-
tion, is the exercise of an equitable power, and a court of equity
has power to make appropriate orders and decrees as to the rights
of all persons properly before it.

ID.—ENFORCEMENT OF PAYMENT BY PROCEEDINGS IN CONTEMPT.—Such
order for payment may be enforced by proceedings in contempt.

ID.—PROHIBITION AGAINST ENFORCEMENT OF PAYMENT—PRESUMPTIONS.
In prohibition against the enforcement of the order by contempt
proceedings, it will be presumed that the court had before it evi-
dence of facts warranting the making of the order and had jurisdic-
tion to make it.

ID.—PROHIBITION AS COLLATERAL ATTACK.—Prohibition, in such case,
is in the nature of a collateral attack.

ID.—GARNISHMENT—MONEY IN HANDS OF OWNER AFTER ORDER.—After
the court orders the owner to make such payment to a materialman,
the money is not in his hands so as to be subject to attachment by
creditors of the contractor.

APPLICATION for Writ of Prohibition directed to the
Superior Court of San Diego County and W. A. Sloane,
Judge thereof.

The facts are stated in the opinion of the court.

Eugene Daney, for Petitioner.

Glidden & Hotchkiss, for Respondents.

ALLEN, P. J.—In prohibition. The facts presented by the affidavit and petition are these: Frey, the petitioner, as owner, contracted with one Campbell for the construction of a building. The same was completed and thereafter an action was begun to foreclose mechanics' liens, to which Frey, the contractor and lien claimants, other than the plaintiffs, were made parties. Among the lien claimants was a corporation known as The Universal Lumber & Mill Company. This company, in addition to its answer, filed a cross-complaint seeking to establish its claim of lien for lumber and materials furnished and used in the construction of said building. The court proceeded to a trial of the issues, and found that the claim of lien of the mill company was invalid in that it was defective, not specifying to whom it had furnished the materials and did not truthfully contain a statement of the terms, time given, and conditions of its contract. The claim of lien stated that the amount of the contract price for such materials furnished was $3,739.38. This the court finds is untrue; that there was an express contract between the contractor and said mill company to furnish materials for $3,219.00 and an implied contract to pay *quantum meruit* for the balance of the materials furnished, which the court finds to be the sum of $520.38. The court found that there was the sum $2,831 in the hands of defendant Frey, the owner, being the balance due on said original contract price, and that the plaintiffs and the other lien claimants, other than the mill company, were entitled to liens for the respective amounts claimed by them; that the mill company was entitled to a judgment against the contractor for $3,739.38, and that the balance of all moneys in the hands of the owner after payment of the liens found be applied to the judgment of said mill company, and that it recover judgment against the contractor for the balance of said account. Judgment was accordingly rendered in favor of plaintiffs and the other lien claimants for the aggregate amount due them, and the balance remaining in the hands of the owner after such payments, amounting to $1,716.83, was by the court directed to be paid by the owner to the mill company, and a judgment for the remainder of $1,022.55 was rendered in favor of the mill company and against the contractor. This judgment became final; no execution was ever issued out of the same. The owner paid all of the lien claimants, but made default in

the payment of the money which the court directed to be paid to the mill company. Afterward certain creditors of the contractor brought suits in attachment, and served notice of garnishment upon the owner for an amount in excess of the sum directed by the court to be paid the mill company. In these last-named actions, judgment was duly entered. Thereafter the court directed notice to be served upon Frey, the owner, to show cause why he should not be punished for contempt in refusing to pay the money by the court directed to be paid the mill company, and, upon hearing, it appearing that Frey assigned no reason why the order had been disobeyed, the court adjudged that he pay the sum within a fixed time, or, in default thereof, be committed to jail until such payment be made. In this proceeding it is sought to prohibit the superior court from further proceedings in the contempt case, upon the theory that the court had no jurisdiction or authority in the action to direct the payment by Frey of the balance of the funds in his hands, after payment of the liens established; that the effect of the judgment in favor of the mill company as against Campbell was that of a personal judgment, the only remedy being to enforce the same by execution, as in other cases.

Respondents invoke the long-established and recognized rule that the judgment of a court having jurisdiction of the subject-matter and the parties is, as to the thing adjudged, conclusive upon all the parties regardless of the question whether the thing was correctly adjudged or not, and cannot thereafter be reviewed except in the manner and within the time prescribed by law. This application, therefore, presents the question of the jurisdiction of the court to direct the payment of the balance of the fund in the hands of the owner to one who had not established a lien, and to punish as for contempt for the disobedience of such order. There can be no question under the decisions of the supreme court of this state, (*Weldon* v. *Superior Court*, 138 Cal. 428, [71 Pac. 502], and other cases), that in a proceeding to enforce mechanics' liens, one who has not filed a claim of lien, or who has filed an insufficient claim, but who has served notice on the owner that he has furnished materials, stating the amount thereof, and directing that the amount of his claim be withheld by the owner, is entitled, if a party to the proceedings in foreclosure,

to have an order of court directing the payment to him by the owner of such sum, under the notice provided by section 1184 of the Code of Civil Procedure, as it may appear to the court he is entitled. The action to foreclose a mechanic's lien is an equitable one, and the power to direct the payment of money, after notice provided for in said section 1184, is the exercise of an equitable power, (*Weldon* v. *Superior Court,* 138 Cal. 428, [71 Pac. 502]), and a court of equity has power to make appropriate orders and decrees as to the rights of all persons before it properly. The authority and jurisdiction of the court, therefore, to make the order complained of by petitioner exists only by virtue of the equitable garnishment which is said to result from the service of the notice provided by the said section. The primary question, then, before us is, Does the record show, or can facts be presumed, which confer this equitable power upon the court? This proceeding is in the nature of a collateral attack. (*Le Mesnager* v. *Variel,* 144 Cal. 467, [103 Am. St. Rep. 91, 77 Pac. 988].) Upon such an attack all intendments are in support of the judgment; nothing to the contrary appearing, it must be presumed that the court in making this order had before it evidence of facts warranting the making thereof. This would be true had proof of notice, under section 1184 of the Code of Civil Procedure, been established, even if such evidence was erroneously admitted, because of the absence of an issue in relation thereto. We must assume, therefore, in support of this judgment, that facts were shown conferring jurisdiction to make the order, in the nature of a judgment against the owner for the sum in his hands due the contractor. If as a fact no notice was given, nor evidence thereof appeared, the owner could have corrected the error through an appeal, but permitting the judgment to become final, he is concluded thereby. A final erroneous judgment is *res adjudicata,* (*Keech* v. *Beatty,* 127 Cal. 184, [59 Pac. 837]; Freeman on Judgments, sec. 249). The question then remains as to the power of the court to enforce its order through contempt proceedings. The affidavit of Frey presented to this court shows that he has in his possession, and had when called upon to show cause, the money so ordered to be paid to the Mill Company. If, as before stated, facts were shown giving jurisdiction to order the payment, the same facts would develop that the court had jurisdiction and control

of the fund in the owner's hands, which fund the owner did
not hold entirely in his own right, but, in virtue of the equit-
able garnishment created by the notice, held in trust for the
benefit of whomsoever the court might adjudge it to properly
belong.   The owner and the funds in his hands were before
a court of equity, subject to its order and direction.   Section
572 of the Code of Civil Procedure, provides: ''When it is
admitted by the pleadings, or shown upon the examination of
a party to the action, that he has in his possession, or under
his control, any money or other thing capable of delivery,
which, being the subject of litigation, is held by him as trustee
for another party, or which belongs or is due to another party,
the court may order the same, upon motion, to be deposited in
court or delivered to such party, upon such conditions as may
be just, subject to the further direction of the court''; while
section 574 of the Code of Civil Procedure, provides: ''When-
ever, in the exercise of its authority, a court has ordered the
deposit or delivery of money, or other thing, and the order is
disobeyed, the court, beside punishing the disobedience, may
make an order requiring the sheriff to take the money, or
thing, and deposit or deliver it in conformity with the direc-
tion of the court.''   The rule recognized in interpreting sec-
tion 572 of the Code of Civil Procedure, is laid down in *Green*
v. *Duvergey,* 146 Cal. 386, [80 Pac. 234], which, in substance,
is that the right to make the order depends upon the facts
shown to the court, an essential being that the party from
whom the payment is asked has no right or title to hold the
money, and that it belongs to or is due another.   Applying the
rule to the case under consideration, it appears that no contro-
versy existed at the time the order was made as to the amount
in Frey's hands, and that it was due from him to the con-
tractor; he held the money as trustee for whomsoever the court
might determine to be the true owner.   This the court held to be
the Mill Company, and we think, under these facts, the order
was properly made.   If properly made, its enforcement is
comprehended within the provisions of section 574 of the Code
of Civil Procedure.   We attach no importance to the claims
of the attaching creditors.   If we are correct in our conclu-
sions, Frey had no money in his hands belonging to the con-
tractor after the judgment and order of the court was entered
directing its payment to the Mill Company, and that he erro-

neously made return in the attachment proceedings to the contrary could not affect the right conferred upon the Mill Company by the order, nor the power of the court to enforce its order. In addition to this, the Pacific Surety Company, owner and holder of the judgments rendered in the attachment cases, was a party to the original proceedings in which the order was made and had notice and knowledge of the order and of its effect. We are of opinion, therefore, that the court must be held, under the facts presented, to have had jurisdiction to make the order; that it is one obedience of which may be enforced by proceedings in contempt.

The writ is, therefore, denied.

James, J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 30, 1913.