## LATSON et al., Appellants, v. NELSON et al., Respondents.

### No. 8414; July 24, 1883.

Mechanics' Liens.—The Constitution of 1879 (Art. 20, Sec. 15), as to mechanics' liens, was intended to be merely declaratory of the law in that regard theretofore in force as construed by decisions of the supreme court then extant.

Mechanics' Liens—Constitution of 1879.—The mechanics' lien law in force at the time of the enactment of the constitution of 1879, as construed by decisions of the supreme court extant at the time, gave no warrant to laborers and materialmen to charge the building with liens exceeding in amount the balance of the contract price remaining unpaid when the notice.of lien was given.[1]

------

[1] Cited and approved in Wiggins v. Bridge, 70 Cal. 439, 11 Pac. 754, where the lien of the materialman is declared to depend for its existence on there being an indebtedness by the owner to the contractor at the time of, or subsequently to, the filing of the notice.

Cited in Whittier v. Hollister, 64 Cal. 284, 30 Pac. 818, where it is stated by the court, without further comment, to dispose of the appeal.

Cited in O'Donnell v. Kramer, 65 Cal. 353, 4 Pac. 204, and there followed, the action being by a creditor of a contractor who had abandoned the work after partial performance.

Cited in Wilson v. Barnard, 67 Cal. 423, 7 Pac. 845, as authority for saying that "the owner cannot be charged beyond the contract price."

Cited in Kellogg v. Howes, 81 Cal. 179, 6 L. R. A. 588, 22 Pac. 509, and, though questioned, in some aspects affirmed as to its doctrine that where a valid contract existed between the owner and contractor,

Mechanics' Liens—Constitutional Law.—The legislature, in amending section 1183, Code of Civil Procedure, as to mechanics' liens in assumed compliance with the mandate of the constitution of 1879, could not validly extend the law beyond what the constitution intended.

APPEAL from Superior Court, San Francisco.

W. H. H. Hart for appellants; Chickering & Thomas for respondents.

MYRICK, J.—The plaintiffs claim a lien on certain premises for the value of materials furnished for, and used in, the construction of a building erected on the premises. The complaint avers that the defendant Nelson, as contractor, was erecting the building for the defendant Thayer, and as such contractor purchased the materials and agreed to pay the plaintiffs therefor. The defendant Thayer is not connected with the purchase of the materials, other than is claimed to result from the contract for the building and as owner of the premises. It is not alleged that any amount is due or is to come due or payable from defendant Thayer to defendant Nelson, on the contract, or in any other way. The plaintiffs assert that under article 20, section 15, of the constitution of 1879, and section 1183, Code of Civil Procedure, as amended in 1880, they have a lien, independent of any contract or obligation existing between the original parties.

The act of March 30, 1868, provided that persons performing labor upon, or furnishing materials for, any building, etc.,

---

the former could not be made liable to subcontractors beyond the amount fixed therein.

Cited and approved in Kellogg v. Howes, 81 Cal. 175, 6 L. R. A. 588, 22 Pac. 509, as bearing on the point that, whatever rights the lien owner might have had previously, the statute under consideration in the cited case limited them from the time of its enactment.

Cited with approval in Hoffman-Marks Co. v. Spires, 154 Cal. 116, 97 Pac. 154, holding the constitutional principle underlying the mechanics' lien law to be that the owner, having agreed to pay a certain price by his contract, and having complied with the terms of the latter, is not liable for more.

Cited and approved in Butler v. Ug Chung, 160 Cal. 438, 117 Pac. 514, where the court say that the filing of the contract merely substitutes the lien claimants for the original contractors, on whose having a money demand against the owner depends the right to enforce the liens.

should have a lien upon the same for the work or labor done or materials furnished, whether done or furnished at the instance of the owner or his agent; and for the purposes of the act the contractor or other person having charge of the construction was declared to be the agent of the owner. In construing this act, this court held, in Renton v. Conley, 49 Cal. 185, that the materialmen and laborers could not charge the buildings with liens exceeding the balance of the contract price remaining unpaid when notice of the lien was given.

In framing the constitution of 1879, the convention had before it the statute of 1868 and the decision of this court above referred to, with others of similar import; and declared, upon the subject of liens of this character, article 20, section 15: "Mechanics, materialmen, artisans, and laborers of every class, shall have a lien upon the property upon which they have bestowed labor or furnished material for the value of such labor done and material furnished; and the legislature shall provide, by law, for the speedy and efficient enforcement of such liens."

In obedience to this mandate, the legislature, in amending section 1183, Code of Civil Procedure (which section, previous to the amendment, was in substance the same as the act of 1868 as above stated), in effect repeated the provisions of the constitution; but added thereto the following: "This lien shall not be affected by the fact that no money is due or to become due on any contract made by the owner with any other party."

It is under this last clause that the plaintiffs claim their lien.

In the former constitution there was no provision in reference to liens in favor of materialmen and laborers; the subject was left to the wisdom of the legislature; but the convention of 1879 saw fit to insert in the new constitution the clause above quoted. In doing so, the former statute being before the convention, with the construction placed upon it by this court, we must presume that the convention intended to continue and make permanent the statute theretofore existing, with the construction it had received; and that the convention did not intend to enlarge, but to fix. The last clause of section 1183, Code of Civil Procedure (amendment of 1880), would operate very much to enlarge and extend the provision of the

constitution; indeed, it was contended for the plaintiffs, on the oral argument, that an owner of property could make no contract with a contractor which would relieve him of any amount of labor or materials the contractor might see fit to have performed or placed on the building under construction or repair; that if A, an owner of a lot, wished to construct a house, say of the value and cost of five thousand dollars, and should make a contract to that end with B, materialmen and laborers employed by B could place ten thousand dollars' worth of materials and labor on the building, and have liens therefor (provided no fraud or collusion intervened), and that the owner's only safeguard was, either to purchase and employ in person, or take security from the contractor. We do not think the convention intended that result; nor do we think the legislature, in amending section 1183, Code of Civil Procedure, could go beyond the provision of the constitution. If A shall contract to pay five thousand dollars to B for the construction of a building, the legislature may secure the distribution of the agreed sum among the persons furnishing materials and performing labor; but this authority does not necessarily include the forcing of an obligation upon A which he never contemplated. It is said that the owner has full security in the right to require a bond of the contractor that no liens shall be created. So far as that is any argument, it may with equal force be said that the materialman may require payment or security of the contractor before parting with his goods.

Another provision of the constitution, article 1, section 1, declares that all men have certain inalienable rights, among which are those of acquiring, possessing and protecting property. This provision would lose much of its force if a man of limited means, having a lot and desiring to build a home, while contracting within his means, could have cast upon his land burdens beyond his necessities, wishes and pecuniary ability.

The demurrer was properly sustained. The judgment is affirmed.

I concur: Ross, J.

We concur in the judgment: McKinstry, J.; Thornton, J.