[No. 11518. Department One. — July 27, 1886.]

JOHN D. PALMER, APPELLANT, v. ARVILLE A. WHITE, RESPONDENT.

BUILDING CONTRACT — FAILURE TO RECORD — LIABILITY OF OWNER.— Under section 1183 of the Code of Civil Procedure as amended in 1885, a contractor for the erection of a building cannot maintain an action against the owner to recover damages for not being allowed to complete the building, if the contract was not filed for record as required by that section.

APPEAL from a judgment of the Superior Court of San Diego County.

The action was brought by a contractor for the erection of a building against the owner to recover damages for not being allowed to complete the building. The contract was made on the 6th of November, 1885. The court sustained a demurrer to the complaint. The plaintiff declining to amend, judgment was rendered in favor of the defendant. The further facts are stated in the opinion of the court.

*Works & Titus*, for Appellant.

*M. A. Luce*, for Respondent.

MYRICK, J.—Plaintiff and defendant entered into a contract in writing for the construction by plaintiff for defendant of a building. It is not averred in the complaint in this action that the contract was filed for record as required by section 1183 of the Code of Civil Procedure as amended in 1885. This action is not brought to enforce a lien under chapter 2, title 4, of the Code of Civil Procedure, but is brought to recover damages for the

non-performance of the contract on the part of the defendant. A general demurrer to the complaint was sustained, and judgment went for defendant. We gather from the briefs of counsel that the order sustaining the demurrer was based on the clause in section 1183, *supra,* which declares that a contract of the character referred to is wholly void, and no recovery can be had thereon by either party thereto, unless it be filed for record.

Notwithstanding the declaration of section 1183, above noted, that the contract in certain events is wholly void, and no recovery can be had thereon by either party thereto, it is provided in the same section that other persons than the contractor furnishing materials and performing labor may have a lien therefor, and it is also provided in section 1197 that notwithstanding the other provisions of the chapter, any person to whom any debt may be due for work or materials may have a personal action to recover the debt.

The action is not to recover for work or materials, but is to recover damages for prevention of performance of the contract. As by section 1183 the contract as between the owner and contractor was void, not being recorded, no recovery can be had for damages for prevention of performance.

Judgment affirmed.

McKinstry, J., and Ross, J., concurred.