[Sac. No. 1976.   Department Two.—April 9, 1913.]

## THE DIAMOND MATCH COMPANY et al., Respondents, v. H. SILBERSTEIN, Appellant.

MECHANICS' LIENS—NOTICE TO OWNER TO WITHHOLD PAYMENTS TO CONTRACTOR—FIRST MONEYS BECOMING DUE MUST BE WITHHELD.—Under section 1184 of the Code of Civil Procedure, as the same read during the period covered by this litigation, it is the duty of the owner of a building in course of construction, upon service upon him of a notice of labor performed for or materials furnished to the contractor, to withhold from the moneys due under the contract, or from the first moneys that may become due, a sum sufficient to protect him against the demand of the notice. If he does not do so he becomes liable under later notices to withhold which may be served upon him.

ID.—MATERIALMAN NOT CHARGED WITH KNOWLEDGE OF PRIOR NOTICES TO WITHHOLD.—No materialman is charged with knowledge that another materialman has served the owner with such notice to withhold, still less with knowledge that the owner contemplates withholding the funds out of the last payments that may become due the contractor.

ID.—PAYMENTS MADE AT PERIL OF OWNER.—Progress payments made in accordance with the terms of the contract, after service upon the owner of notice to withhold, and payments made before they became due under the contract, are at the peril of the owner.

ID.—LEGALITY OF REQUIREMENTS FOR WITHHOLDING PAYMENTS.—The provisions of section 1184 of the Code of Civil Procedure, requiring the owner to withhold moneys due or to become due under the contract, upon the service of a notice to withhold, are not illegal as interfering with the right of contract.

ID.—LEGAL EFFECT OF NOTICE TO WITHHOLD—EQUITABLE GARNISHMENT, SUBROGATION, AND ASSIGNMENT.—The notice to withhold operates as an equitable garnishment. It is a form of equitable subrogation regulated by statute, and an equitable assignment of the amounts due or thereafter becoming due the contractor under the contract, and entitles the persons serving the notice to receive so much of said amounts as would satisfy their claims. The right to a recovery of the money so garnisheed by the notice does not depend upon the establishment of a lien. It is a cumulative remedy.

ID.—FAILURE OF MATERIALMEN TO PERFECT LIENS—RIGHT TO PERSONAL JUDGMENT—INTEREST.—Materialmen who have served notices to withhold on the owner, at times when there was sufficient moneys due or to become due under the contract to satisfy their claims, are entitled to recover personal judgments against the owner, irrespective of whether their claims of lien were filed prematurely or too late. They are entitled to interest on their demands, computed from the date when the last payment became payable under the contract after the completion of the building.

ID.—PREMATURE PAYMENTS TO CONTRACTOR.—Premature payments made by the owner to the contractor are available to such materialmen, notwithstanding their failure to perfect their claims of lien.

ID.—ENFORCEMENT OF PERSONAL JUDGMENT.—The judgments in favor of such materialmen are enforceable by the usual remedies of execution levy, and should not be made payable out of the money arising from the sale of property.

APPEAL from a judgment of the Superior Court of Butte County and from an order refusing a new trial. John C. Gray, Judge.

The facts are stated in the opinion of the court.

Park Henshaw, and Knight & Heggerty, for Appellant.

F. C. Lusk, and A. F. Jones, for Respondent, Diamond Match Company.

George F. Jones, for Respondent, Griswold Lumber Company.

Walter H. Linforth, and Lon Bond, for Respondent, W. W. Montague & Co.

Jos. P. Lucey, for Respondent, Wygant & Collins.

Guy R. Kennedy, for Respondents, Chico Water Supply Company et al.

Richard White, for Respondents, Western Building Material Company et al.

HENSHAW, J.—This is a consolidated action under the Mechanics' Lien Law to enforce liens for material and labor against land and the building thereon owned by defendant and appellant Silberstein. From the judgment and from the order denying his motion for a new trial Silberstein appeals.
Defendant had entered into a valid contract with an original contractor, the Burnight-Kennedy Company, for the erection of a building upon his land for the contract price of forty-one thousand five hundred dollars. By the terms of the contract progress payments in the sum of two thousand dollars each, representing seventy-five per cent of the work done, were to be made from time to time upon the architect's certificate. Thus, under the terms of the contract, there would be due to the contractor upon the completion of its work a payment of three thousand one hundred dollars and thirty-six days after completion, the sum of ten thousand four hundred dollars. The contractor, however, did not complete its work but abandoned it, after having received all the progress payments contemplated by the contract and two thousand dollars of the three thousand one hundred dollars completion payment. The owner took possession on March 21, 1910, and finished the building under the terms of the contract at a cost of $885.31. The building was actually completed on April 14, 1910, and notice of completion was filed on April 15, 1910.

Touching the liens and personal judgments awarded against his property and himself appellant contends that the progress payments which he had made were justifiable, being called for by his contract; that the contract between himself and his contractor being admittedly valid, there remains in his hands subject to the demands of the claimants ten thousand four hundred dollars, the final payment, and $214.69, the balance

of the completion payment after deducting the two thousand dollars which he had paid the contractor and the $885.31 which he had expended in finishing the building, making a total available for the demands of the claimants of $10,614.69. For this, and this alone, appellant contends that he is liable.

By respondents it is shown that the Diamond Match Company served upon appellant the notice to withhold under section 1184 of the Code of Civil Procedure. This notice was served upon September 15, 1909, and was for the sum of $5,617.10. After the service of this notice appellant paid to his contractor many thousand dollars in excess of this sum. Wygant & Collins served a like notice on December 26, 1909, to withhold the sum of $1,751.20. Thereafter the appellant paid to his contractor the sum of four thousand dollars. The Chico Construction Company served its similar notice on January 4, 1910, to withhold $205.40, and thereafter the appellant paid to his contractor the sum of two thousand dollars. W. W. Montague & Company served its notice to withhold $1,774.04 upon February 10, 1910. Other similar notices were served before the date of completion, but those here enumerated are all that it is necessary to mention in exposition of the legal questions involved. The principal of these questions concerns the construction of section 1184 of the Code of Civil Procedure which section at all the times covered by this litigation provided as follows:

"Any of the persons mentioned in section 1183, except the contractor, may at any time give to the reputed owner a written notice that they have performed labor or furnished materials, or both, to the contractor, or other person acting by authority of the reputed owner, or that they have agreed to do so, stating in general terms the kind of labor and materials, and the name of the person to or for whom the same was done, or furnished, or both, and the amount in value, as near as may be, of that already done or furnished, or both, and of the whole agreed to be done, or furnished, or both. . . . Upon such notice being given, it shall be the duty of the person who contracted with the contractor to, and he shall, withhold from his contractor, or from any other person acting under such reputed owner, and to whom by said notice the said labor or materials, or both, have been furnished, or agreed to be furnished, sufficient money due, or that may become due

to such contractor, or other person to answer such claim and any lien that may be filed therefor for record under this chapter.''

Appellant's argument as to the meaning of this section may be illustrated as follows: Under the notice of the Diamond Match Company it became the duty of the appellant to withhold $5,617.10, but he had the right to withhold this sum out of money ''that may become due'' the contractor. He was under no duty or compulsion to withhold it out of the first moneys due or to become due. Therefore he was justified in making all the subsequent payments to his contractor which he did make down to the time and point when, excepting the final payment of $10,400, there should be due to the contractor only the sum of $5,617.10. It should be considered that this is what the appellant did and that this $5,617.10 would be represented by the full amount of the completion payment of $3,100 and something over two thousand dollars of the last progress payments. In contemplation of law, therefore, so argues appellant, he is to be considered as having withheld this $5,617.10 to meet the demand of the Diamond Match Company, wherefore there was no money under his control due or to become due to the contractor upon the dates of the services of the subsequent notices upon him. In fact, as has been said, the appellant did not so withhold these moneys at all but he insists that in contemplation of law he is to be treated as having withheld them out of these last payments and the effect is to render nugatory the subsequent notices to withhold. Such, however, is not the meaning of section 1184 of the Code of Civil Procedure, and such a construction under most obvious considerations would result in ''confusion worse confounded.'' It is the clear duty of the owner under service of such a notice to withhold from the moneys due, or from the *first* moneys that may become due, a sum sufficient to protect him against the demand of the notice. If he does not do this he becomes justly liable under later notices to withhold which may be served upon him. No materialman is charged with knowledge that another materialman has served the owner with such notice to withhold, still less with knowledge that the owner contemplates withholding the funds out of the last payments that may become due the contractor. The materialman reading the contract and learning from the terms of it that

moneys are to become due serves his notice and is entitled to rely upon the fact that sufficient of these later payments will be withheld to meet his claim.   Of course, if all of those payments have, in fact, been absorbed under the demands of the earlier notices, the owner would be entitled to show that fact. But he can do this only under the construction here set forth,—namely, that from the time of the service of each notice upon him he has withheld out of the moneys due, or first to become due, funds to meet the previous demands.

It is to be borne in mind that the contractor did not complete the building and that therefore the completion payment of three thousand one hundred dollars never became due and the premature payment of two thousand dollars of it to the contractor could not avail the owner to defeat either those whose claims of lien were established or those who served timely and proper notices to withhold.   Thus, in contemplation of law, there was in the hands of the owner on the completion of the building by him a sum to meet the demands of notice servers and lien claimants composed of the following items:

Amount of Diamond Match Company's claim under
  its notice........ .......... ........... ......$ 5,617.10
Amount of Wygant & Collins' claim under its
  notice......... .......... ........... ......  1,751.20
Amount of Chico Construction Company's claim
  under its notice.............................  205.40
The completion payment of $3,100, less $885.31,
  spent by the owner in finishing the building......  2,214.69
Final payment......... ................. .......10,400.00

That appellant did not in fact have this sum of money because he had paid a large part of it to the contractor does not exonerate him from liability.   The terms of his contract providing for progress payments, the terms of which he invokes for his justification, are subordinate to the valid provisions of the law, and under those valid provisions, after the service of these notices upon him, he paid these moneys at his peril. As to the completion payment, the two thousand dollars of it which he paid before it became due, was likewise a payment made at his own peril.   Appellant seems to argue upon the authority of such cases as *Stimson Mill Co.* v. *Braun*, 136 Cal. 122, [89 Am. St. Rep. 116, 57 L. R. A. 726, 68 Pac. 481];

*Gibbs* v. *Tally,* 133 Cal. 373, [60 L. R. A. 815, 65 Pac. 970], and *Latson* v. *Nelson,* 2 Cal. Unrep. 199, [11 Pacific Law Journal 589], that the requirements of section 1184 of the Code of Civil Procedure, are illegal as interfering with the right of contract, but the validity of these provisions has been too often upheld to be open now to question.  The cases upon which appellant relies were merely to the effect that certain other and discarded requirements of the Mechanics' Lien Law, such as the requirement compelling the owner to file a bond, were invalid.  The cases do not remotely touch the construction of section 1184.  The cases, however, which do uphold its validity are numerous and amongst them may be cited *Russ Lumber Co.* v. *Garrettson,* 87 Cal. 594, [25 Pac. 747] ; *Bates* v. *Santa Barbara County,* 90 Cal. 543, [27 Pac. 438] ; *Bianchi* v. *Hughes,* 124 Cal. 24, [56 Pac. 610] ; *Newport Wharf & Lumber Co.* v. *Drew,* 125 Cal. 585, [58 Pac. 187] ; *Welden* v. *Superior Court,* 138 Cal. 427, [71 Pac. 502] ; *Hampton* v. *Christenson,* 148 Cal. 732, [84 Pac. 204].  In the last cited case it is said : "It became the duty of the owner upon service of this notice, to withhold sufficient funds to pay the claim of the Lumber Company, together with the attorney fees in the sum of $100.00 and estimated costs, and his subsequent payment, after service of that notice, even though legal, and within the contemplation of the contract, cannot be held to affect so much of the fund as was thus set apart by the force of this notice operating in the nature of a garnishment."

The nature and effect of such a notice will be found fully discussed in the foregoing cases.  The notice serves as an "equitable garnishment."  It is a form of "equitable subrogation regulated by statute."  It is an "equitable assignment of the amounts due or thereafter becoming due the contractor under the contract, and entitles the persons serving the notice to receive so much of said amounts as would satisfy their claims."  (*Butler* v. *Ny Chung,* 160 Cal. 435, [Ann. Cas. 1913A, 940, 117 Pac. 512].)  The right to a recovery of the money so garnisheed by the notice does not depend upon the establishment of a lien.  It "is a cumulative remedy." (*Bates* v. *Santa Barbara County,* 90 Cal. 543, [27 Pac. 438].)

Such being the law we may come to the consideration of certain of the specific judgments which are attacked.  Four thousand dollars, it has been said, were paid by the owner to

the contractor after service upon him of Wygant & Collins's notice.   Wygant & Collins were denied a lien because of the premature filing of their lien claim upon April 6, 1910, but their notice to withhold was timely.   The owner admittedly paid a large sum of money in excess of their demand after receipt of the notice, and he cannot, as has been said, succeed in his endeavor to have these subsequent payments treated as having been withheld for the benefit of the Diamond Match Company.   And finally, as Wygant & Collins's right of recovery does not depend upon the establishment of their lien, a personal judgment in their favor was proper.   W. W. Montague & Company was denied a lien for failure to file their lien claim in time, it having been filed on June 22, 1910.   But their notice to withhold was served before the completion payment became due and when, in contemplation of law, there was in the hands of the owner over and above the amounts covered by the previous notices, sufficient to meet this demand. The argument which appellant advances to the effect that premature payments could only be availed of by those establishing their liens is not supported by our adjudications. (*Sweeny* v. *Meyer,* 124 Cal. 512, [57 Pac. 579] ; *Ganahl* v. *Weir,* 130 Cal. 237, [62 Pac. 512].)   It follows, therefore, that Montague & Co. was entitled to the personal judgment which was given.

Respondents were entitled to interest and the interest awarded began to run from May 20, 1910, thirty-six days after the completion of the building.   This award was proper. (*Pacific Mut. Life Ins. Co.* v. *Fisher,* 106 Cal. 224, [39 Pac. 758] ; *Knowles* v. *Baldwin,* 125 Cal. 224; *Macomber* v. *Bigelow,* 126 Cal. 15, [58 Pac. 312].)   This appellant is not injured by any award of interest given the nonappealing contractor beginning to run at an earlier date.

Objection is made to the judgment in favor of Wygant & Collins and W. W. Montague & Co. in that, while these plaintiffs were denied a lien, the judgment provides that they shall be paid out of the money arising from the sale of the property, and that this is, in effect, the ordering of the foreclosure of a lien and the sale of the property in violence of law.   In this perhaps appellant is technically correct but it does not appear from the judgment that the property was ordered sold to meet the judgment awarded Wygant & Collins and Mon-

CLXV Cal.—19

tague & Co. The provision is merely that when sold they shall be paid out of the proceeds. The judgment in favor of Wygant & Collins and Montague & Co. will be modified in this respect, and they will be relegated to the usual remedies of execution levy. In all other respects the judgment is affirmed and respondents will recover their costs on this appeal.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.