[S. F. No. 7278.   Department Two.—June 11, 1917.]

H. STETTIN, SR., Appellant, v. WILLIAM F. WILSON, Defendant; ALBERT J. WILSON et al., as Executors of the Last Will of William F. Wilson, Deceased, Substituted in Place of William F. Wilson et al., Respondents.

MECHANIC'S LIEN—STOP NOTICE—LIEN CREATED ON FUND IN OWNER'S HANDS.—The filing in due time of a "stop notice" under the mechanic's lien law operates to impose a lien in favor of the claimant upon the fund in the owner's hands and not at all upon his real property. The right to a recovery of the money so garnisheed by the

notice does not depend upon the establishment of a lien upon the real property. It is a cumulative remedy.

ID.—ABANDONMENT BY ORIGINAL CONTRACTOR—SUM AVAILABLE FOR SUBORDINATE LIENORS.—Upon the abandonment of the contract by the original contractor, the sum available to lien claimants subordinate to him is the difference between the sum paid to the contractor and the value of work and material which the contractor has furnished and for which the owner has not paid.

ID.—ACCEPTANCE BY CLAIMANTS OF AWARD LESS THAN AMOUNT DUE—NONCONSENTING CLAIMANT NOT DEPRIVED OF RIGHTS.—The acceptance by certain lien claimants of an erroneous award for the unpaid portion of the contract price in a sum less than that to which they were legally entitled does not deprive a nonconsenting claimant of the right of recourse against the amount actually unpaid.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. W. M. Conley, Judge Presiding.

The facts are stated in the opinion of the court.

William P. Hubbard, and Adolf Cahen, for Appellant.

A. D. Keyes, and Herbert W. Erskine, for Respondents.

HENSHAW, J.—This appeal is by one of the plaintiffs in a consolidated mechanic's lien suit from the judgment and from the order denying his motion for a new trial. It presents an unusual situation. Wilson, as owner, made a contract with Finlayson and Stettin, general contractors, to do all of the work and furnish all of the materials here involved in the erection of a building in the city and county of San Francisco. The contract price was $77,211. The terms of payment were seventy-five per cent of the value of the labor and material used in the construction of the building, to be paid on the first day of each month during the continuance of the contract and the remaining twenty-five per cent payable thirty-five days after completion and acceptance, payments to be made on written certificates of the architect. The contractors abandoned their contract on February 15, 1911. At that time they had received $36,026.12. Before that time certain notices to withhold, or "stop notices," as they are commonly called, had been served upon the owner. Thereafter lien claims were filed by those who had served "stop

notices'' and by others. On February 20, 1911, Stettin, the appellant, served upon the owner a "stop notice" for $1,645.50. He filed no claim of lien and prosecuted his action therefor not against the real property of the owner but against the funds in the owner's hands. The court found the amount which had been paid to the contractors as above given, found the amount necessarily expended by the owner in the completion of the building as being thirty-five thousand five hundred dollars, and concluded that the fund in Wilson's hands available to the lien claimants was the difference between the contract price and the two amounts above given, and was $5,684.88. It awarded this amount proportionately among the lien claimants and excluded this appellant from participation therein. It found and adjudged that the total amount of the valid lien claims was $16,559.87, and it decreed that the sum of $5,684.88, the difference between the contract price and the total cost of construction was all that was secured by liens on the property, and gave personal judgment against the contractors to the lien claimants for the balance, amounting to $10,874.99. As has been said, it refused to allow this appellant to share in the $5,684.88 and awarded him only a personal judgment against the principal contractors. This judgment was accepted by all the other plaintiffs saving this appellant, and as to them has become final. But (and here appears the singularity in this case) the court found that at the time of the abandonment by the principal contractors the value of the work and material done and furnished by the contractors, measured as near as possible by the standard of the whole contract price, was $49,098.27. Now, as admitted and found by the court, the total amount paid to the contractors was the sum of $36,036.12, and it inevitably results that in contemplation of law there was in the hands of the owner and available in payment of the demands of the successful claimants the difference between these two amounts, or $13,072.15. Further, it is argued, that as the court erroneously awarded to the lien claimants whom it allowed to share in the fund only $5,684.88, it necessarily results that in contemplation of law there is $7,387.28 in the hands of the owner, which money, at the instance of the lien claimants and this plaintiff, should have been subjected to the payment of their demands. And, finally, that as the other parties plaintiff to the action accepted the lesser amount

and their acceptances have become final, the legal conclusion is unescapable that there is in the possession of the owner $7,387.27, subject to the lien which appellant acquired by virtue of his "stop order" for the amount which the court found to be due him, namely, $1,645.50.

Respondents, while conceding as they must under the authority of *Ganahl Lumber Co.* v. *Weinsveig,* 168 Cal. 664, [143 Pac. 1025], that the sum of thirteen thousand dollars was in law applicable and should have been applied to the payment of the demands of the lien claimants, make answer that this appellant in no event is entitled to share in that fund. Their reasons require consideration. First, they urge that the appellant is not entitled to share in the fund because he claims only by virtue of a stop notice and did not follow that notice by the filing of a lien claim. This position is, however, untenable under our decisions. The filing of a stop notice in due time operates to impose a lien in favor of the claimant upon the fund in the owner's hands and not at all upon his real property. If the stop notice be not filed in time so that there is no fund upon which it can operate, then, of course, the attempt to impose the lien is inefficacious, and if the claimant does not in addition file the lien claim contemplated by the law, he obtains no lien whatsoever upon the real property on which he has bestowed labor or for which he has furnished material. This has been expressly decided in *Diamond Match Co.* v. *Silberstein,* 165 Cal. 282, [131 Pac. 874]; where the matter is discussed in detail. It is there declared that "the right to a recovery of the money so garnisheed by the notice does not depend upon the establishment of a lien (on the real property). It is a cumulative remedy." Reference may also here be made to *Weldon* v. *Superior Court,* 138 Cal. 428, [71 Pac. 502]. Next, respondents contend that because the original contractors abandoned their contract nothing was or could become due to them. However that may be, as matter of general law in an action after abandonment by the original contractor against the owner—for the purposes of all subordinate to the original contractor the mechanic's lien law itself fixes and declares the law and in terms says that in case of abandonment the difference between the sum paid to the contractor and the value of work and material which the contractor has furnished and for which the owner has not paid shall be treated as the fund

available to the lien claimants. (*Diamond Match Co.* v. *Silberstein, supra.*) Next, respondents contend that the appellant should not be permitted to share in this fund, because if the court had correctly declared the whole sum of $13,072.15 to be due to the lien claimants whose lien claims had priority over the demand of appellant, those claims in the aggregate would more than have absorbed all of this $13,072.15. Appellant's answer seems to be flawless; that what in fact the court did was to award a lesser sum, with which lesser sum by virtue of their failure to appeal the other claimants pronounced themselves satisfied, and that the matter therefore has received final disposition so far as they are concerned, but cannot be held to bind this appellant, who did not consent and who here asserts and shows that there are many thousands of dollars in the hands of the owner out of which his lien claim under the situation existing should be paid.

So much of the judgment as is here involved in the appeal of Stettin is reversed with directions to the trial court to enter judgment in his favor against the owner or against his substituted representatives for the amount which the court found due. There being no attack upon that portion of the judgment in favor of this appellant and against the original contractors, it is not affected by this determination.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.