[Civ. No. 1959. Second Appellate District.—December 19, 1917.]

RICHARDSON & FISHER COMPANY (a Corporation), Appellant, v. CHICAGO BONDING & SURETY COMPANY (a Corporation), Respondent.

MECHANIC'S LIEN—RECOVERY ON BOND OF CONTRACTOR—FILING OF CLAIM OF LIEN ESSENTIAL.—A materialman cannot maintain an action upon the bond given in conformity with the provisions of section 1183 of the Code of Civil Procedure, as amended in 1911, without first having filed his claim of lien as required by section 1187 of such code, and a complaint in such an action which does not allege the filing of such a lien fails to state a cause of action.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Hoff & Chatterson, for Appellant.

Waldo, Root & Dysert, for Respondent.

CONREY, P. J.—The plaintiff appeals from a judgment entered after an order had been made sustaining a general demurrer to the complaint as amended. Plaintiff is a materialman who furnished to the contractor materials which were used in the construction of a building for one Wm. J. Thayer. The action is brought to recover upon a bond which was given in conformity with the provisions of section 1183 of the Code of Civil Procedure as amended in 1911. As required by that section, the bond provides that it "shall inure to the benefit of any and all persons who perform labor upon or furnish materials to be used in the work described in said contract, so as to give such persons a right of action upon this bond in any suit brought to foreclose the liens provided for by the laws of the state of California, or in a separate suit brought on this bond." The bond further provided "that any suit brought on this bond to recover any claims hereunder must be instituted within the time allowed by law for instituting a suit to enforce a lien claim." The following provisions from the chapter concerning the enforcement of liens of mechanics and others upon real property, have a bearing

upon this case: Section 1187 contains the proviso "that all claims of lien must be filed within ninety days after the completion of any building. . . . " Section 1190 declares that "no lien provided for in this chapter binds any property for a longer period than ninety days after the same has been filed, unless proceedings be commenced in a proper court within that time to enforce the same." Section 1187 provides that "every person save the original contractor claiming the benefit of this chapter . . . must file for record with the county recorder of the county or city and county in which such property or some part thereof is situated, a claim of lien containing a statement of his demand after deducting all just credits and offsets," etc.

The building was completed by the contractor on the first day of September, 1914. The owner accepted the same, but did not at any time file notice of completion in the recorder's office. The complaint does not allege that the plaintiff ever filed for record in the county recorder's office, his claim of lien, and therefore it must be assumed that such claim was not filed. This action was not commenced until the sixteenth day of February, 1915.

It is our opinion that the plaintiff has no right to maintain this action without having first filed his claim of lien, as required by the above-quoted provisions of section 1187 of the Code of Civil Procedure. The plaintiff is a person "claiming the benefit" of the chapter in which section 1187 is contained. The bond was made in the form and was given for the purposes prescribed by section 1183, which also is a part of that chapter. It seems clearly to follow that an action upon the bond constitutes a claim of benefit under that chapter. The bond provided that "the said owner shall retain the last payment and reserve, due said principal, . . . until the expiration of the time within which liens or notices of liens may be filed, by reason of anything done in the performance of said contract, and until the payment of all claims of which he shall have knowledge or notice." The requirement that the claimant must have filed for record his claim of lien is a requirement made for the benefit of the surety on the bond, as well as for the benefit of the owner of the building. If a claim of lien had been filed and if the surety had been required to pay and under such compulsion had paid the plaintiff's demand, the surety thereby would have been sub-

rogated to the rights of the lienor.   (Civ. Code, secs. 2848, 2849.)   Of this right of subrogation defendant was deprived by the plaintiff's failure to file a claim of lien.   For this reason we are satisfied that the complaint in this action, by omitting to state that a claim of lien had been filed, failed to state a cause of action against the defendant.

The judgment is affirmed.

James, J., and Works, J., *pro tem.*, concurred.