[L. A. No. 5781. In Bank.—July 5, 1919.]

GENERAL ELECTRIC COMPANY (a Corporation), Respondent, v. AMERICAN BONDING COMPANY OF BALTIMORE (a Corporation), Appellant.

[1] MECHANICS' LIENS — RECOVERY ON BOND — PREVIOUS FILING OF CLAIM OF LIEN NOT REQUIRED.—A bond given by a contractor pursuant to section 1183 of the Code of Civil Procedure, as amended in 1911, to secure payment of claims for labor and material to be furnished in the construction of a building, which is expressly made to inure to the benefit of any and all persons who perform labor upon or furnish materials to be used in the work described in the building contract, and which also provides that any and all such persons shall have and are given a right of action to recover upon

the bond against the principal and surety, "or either of them," in any suit brought to foreclose mechanics' liens, which may be filed by such persons, or any of them, upon the property mentioned in the contract, "or in a separate suit brought upon the bond," may be sued upon by laborers or materialmen without perfecting their claims by filing verified liens as required by section 1187 of such code.

[2] ID.—CONSTRUCTION OF CODE—"PERSONS CLAIMING BENEFIT OF CHAP-TER"—MEANING OF PHRASE.—The phrase "claiming the benefit of this chapter" contained in section 1187 of the Code of Civil Procedure is confined in its operation to the benefits of asserting a lien upon the property, and does not include the benefits of any other remedy afforded by the chapter against the owner.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Wellborn, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Crider, Jr., A. L. Abrahams and Chas. W. Fricke for Appellant.

William Ellis Lady for Respondent.

Redman & Alexander, *Amici Curiae.*

THE COURT.—Action on a bond given by a contractor to secure payment of claims for labor and material to be furnished in the construction of a building. Defendant appeals from a judgment in favor of plaintiff, a corporation that supplied certain materials for use in the building.

The bond in question had at its beginning the following words: "This bond is required by section 1183 of the Code of Civil Procedure, as amended in 1911, and must be equal to fifty per cent of the contract price; bond to laborers, materialmen, etc." By the terms set forth in the body of the instrument it is "expressly made to inure to the benefit of any and all persons who perform labor upon or furnish materials to be used in the work described" in the building contract. There is a further provision as follows: "Any and all such persons shall have and are given a right of action to recover upon this bond against the said principal and surety, or *either of them,* in any suit brought to foreclose mechanics' liens, which may be filed by such persons, or any

of them, upon the property mentioned in said contract, *or in a separate suit brought upon this bond,* and may recover in such action or actions, the value of such labor done or materials furnished, or both.'' (The italics are ours.)

Defendant sets forth in its answer a special defense based upon the failure of respondent to file any claim of lien under the provisions of section 1187 of the Code of Civil Procedure. It was alleged that during the time within which a claim of lien might have been filed a large sum of money was due from the owner to the contractor which could and would have been applied to respondent's claim if the lien had been thus formally asserted. The court sustained a demurrer to this special defense and also on motion ordered it stricken out. These rulings are specified as erroneous. The question for this court to decide, therefore, is whether or not a material-man may sue on a bond, conditioned as is the one which is the basis of this action, without first duly filing a claim of lien.

Appellant insists that this is strictly a statutory bond, and that no liability arises upon it as a common-law obligation. The learned district court of appeal of the second appellate district agreed with appellant's view and reversed the judgment upon the authority of *Miles* v. *Baley,* 170 Cal. 151, [149 Pac. 45] , *Hubbard* v. *Jurian,* 35 Cal. App. 757, [170 Pac. 1093] , and *Crane Co.* v. *Maryland Casualty Co.,* 37 Cal. App. 87, [173 Pac. 494].

The first of these cases arose not under section 1183 of the Code of Civil Procedure, but under an act to secure the payment of the claims of materialmen, etc., employed upon public work. By the terms of the act it was made the duty of the contractor *before* entering upon the performance of the work to file the prescribed bond binding the sureties to pay for materials or labor, up to the amount specified therein, in case of the contractor's default ''provided that such claims shall be filed'' as thereafter required.

It appears in *Miles* v. *Baley* that the verified statement prescribed by section 2 of the act (Stats. 1897, p. 201) as a condition precedent to the maintenance of a suit upon the bond had not been filed by the claimant. Therefore the sureties on the bond were held not to be liable. Said section 2, after requiring that the materialman or laborer must file a verified statement of claims within thirty days from the time

when the work is completed, provides that "At any time within ninety days after the filing of such claim," the materialman or laborer "may commence an action against the sureties." This is the fundamental and essential difference between *Miles* v. *Baley* and the case at bar. In that case the materialman under the plain terms of the statute governing the performance of the public work and the remuneration therefor was required to file his claim before and as a precedent condition to the maintenance of a suit on the bond. The section governing the materialmen in the case at bar (Code Civ. Proc., sec. 1183), contains no such restriction. *Miles* v. *Baley*, therefore, is not authority sustaining defendant's theory in the case at bar. *Hubbard* v. *Jurian* distinctly holds, however, that only those claimants who have duly perfected their liens within the statutory time are entitled to recover upon the bond given by section 1183 of the Code of Civil Procedure. *Crane Co.* v. *Maryland Casualty Co.*, 37 Cal. App. 87, [173 Pac. 494], follows *Hubbard* v. *Jurian* without discussion of the principles involved. In *Richardson & Fisher Co.* v. *Chicago Bonding and Surety Co.*, 35 Cal. App. 650, [170 Pac. 856], decided a few days before *Hubbard* v. *Jurian,* the court held that filing of a lien as prescribed by section 1187 of the Code of Civil Procedure was a prerequisite to a suit on the bond given in accordance with section 1183 of the Code of Civil Procedure. In *Hubbard* v. *Jurian,* there were petitions for transfer of the cause to this court and said petitions were denied. Unless, therefore, we are prepared to overrule the three decisions last cited, we must reach the some conclusion at which the learned district court of appeal arrived in this case. [1] We are of the opinion that the cited cases were improperly decided so far as they held that a bond like the one before us is incapable of enforcement unless the claimants seeking to bind the sureties have filed their liens within the prescribed time. The rationale of these decisions appears clearly from the following language in the opinion in *Hubbard* v. *Jurian, supra* (35 Cal. App. at page 770, [170 Pac. 1098]) : "The bond in suit was executed in response to the requirements of the statute. It is therefore a statutory bond in the strictest sense, and under the familiar and well-settled rule parties claiming the benefit of the obligation of the bond must show a substantial compliance with the conditions of the statute under which the bond was given.

Section 1183 of the Code of Civil Procedure, under which the bond was given, is part and parcel of title IV, chapter 2, of that code, which relates exclusively to 'liens of mechanics and others upon real property;' and section 1187 of the same code and chapter requires that every person claiming the benefits of the provisions of the designated chapter must file a verified lien within the time specified by that section. Obviously, the several code sections of the chapter in question must be considered and construed together, and when so considered and construed it must be held that the provision of section 1183 that the required bond shall 'in addition to any conditions for the performance of the contract, be also conditioned for the payment in full of the claims of all persons performing labor upon or furnishing materials, etc.,' has reference to the 'claims' of lien specified in section 1187 and required to be filed for record within a designated time, and to the 'claims' which the statute further says must be verified by the oath of the claimant or some other person.''

We are of the opinion that this construction gives an importance to section 1187 of the Code of Civil Procedure, and limits the rights of materialmen in a manner not contemplated by the legislature. Section 1197 of the same chapter clearly contemplates suits which may be maintained without the previous filing of liens, for it provides that: ''Nothing contained in this chapter shall be construed to impair or affect the right of any person to whom any debt may be due for work done or materials furnished to maintain a personal action to recover said debt against the person liable therefor; . . . but the judgment, if any, obtained by the plaintiff in such personal action shall not be construed to impair or merge any lien held by said plaintiff under this chapter; provided, only, that any money collected on said judgment shall be credited on the amount of such lien in any action brought to enforce the same, in accordance with the provisions of this chapter.'' The bond by its terms creates a direct obligation on the part of the surety to pay for materials used in the construction of the building and the right of action on such bond is preserved by said section 1197 as well as by section 1183.

It can no doubt be persuasively argued that the bond which must ''be also conditioned for the payment in full of the claims of all persons performing labor upon or furnishing materials to be used in the work'' relates to *claims* of lien

filed within time.    But it seems to us that this is a strained interpretation.    The mere use of the word "claim," which is as apt a description of the demand of the individual who has filed no claim of lien as it is of one who has filed such claim, is not persuasive.

It is to be noted also that the portion of the section (and of the bond which follows its terms), by which the rights of materialmen are safeguarded, does not use the word "claims" but the bond is made to "inure to the benefit of any and all persons who . . . furnish materials to be used in the work described" in the contract.

But there is another and a very strong reason for rejecting the theory that section 1187 of the Code of Civil Procedure restricts the terms of section 1183 of the Code of Civil Procedure, and makes them applicable only to those persons who have filed liens, and that reason is found in the history of the two sections and in the decisions of this court relating thereto.

Section 1187 was first enacted in 1872.    At that time its introductory part was as follows: "Every original contractor, within sixty days after completion of his contract, and every person save the original contractor, *claiming the benefit of this chapter, must, within thirty days after the completion of any building, improvement or structure,*" etc., file his claim with the county recorder.

Section 1183 provided that persons furnishing labor or materials for the construction of buildings, etc., should have liens upon the buildings for the same, "but the aggregate amount of such liens must not exceed the amount which the owner would be otherwise liable to pay."    In 1874 this section was amended by striking out the passage just quoted, the result of which was that the owner was liable for the entire value of labor and materials furnished for his building, regardless of the contract price.    (Code Amendments 1873–74, p. 409.)    At the same session section 1187 was amended, but the opening sentence containing the clause "claiming the benefit of this chapter" was not changed nor was any other material amendment inserted.    Section 1183 was again amended in 1880 so as to provide that the lien should not be affected by the fact that no money is due or to become due on any contract made by the owner with a contractor. (Code Amendments 1880, p. 63.)    In 1885 this court decided

that this section was unconstitutional so far as it made the owner liable for more than the contract price.

Thereupon in 1887, (Code Amendments 1887, p. 152), to obviate this difficulty as far as possible, the chapter was revised. Section 1183 was amended so as to provide for written contracts in all cases where the price exceeded one thousand dollars, and such contracts were required to be filed before the beginning of the work. Section 1184 fixed the provisions of the contract so that one-fourth of the price should be payable thirty-five days after completion and three-fourths in installments at specified times after the beginning of the work. Up to this time the entire chapter had contained no remedy for a laborer or materialman, except by filing a claim of lien and foreclosing the same. It follows that the words "claiming the benefit of this chapter" in section 1187 had no other scope or effect than to require the person who claimed a lien, to file the same within a specified time as there provided. The benefits of the chapter consisted solely in the right to foreclose a lien. In the amendment of 1887, for the first time, an additional remedy was given. Section 1184 provided that a laborer or materialman could at any time give the "stop notice" which has now become familiar and thereby intercept a payment and make the same applicable to his claim.

Notwithstanding this additional remedy, section 1187 was again re-enacted with some amendments, but the opening part thereof remained as before, that every person "claiming the benefit of this chapter" must within the specified time file his claim of lien. Had this provision been given its literal meaning, it would follow that no person could avail himself of the stop notice provided in section 1184 unless he also filed his claim of lien within the time specified in section 1187.

Thereafter, in 1891, the decision in *Bates* v. *Santa Barbara*, 90 Cal. 543, [27 Pac. 438], was rendered. It held, first, that no claim of lien could be filed or enforced against a public corporation such as a county or city. The claimants in that case had, however, given the stop notice as provided in section 1184, but, so far as appears in the opinion, had not filed any claims of lien against the county. If section 1187 had been given the effect now claimed for it, such claimants would have been entirely cut off from any rights under the notice by reason of the fact that they had not filed any claims

of lien for record. The court, however, declared that their stop notices were good and that "The right of plaintiffs to recover does not depend upon their right to a lien." This decision was followed in a number of cases soon afterward. *First National Bank* v. *Perris etc. Dist.*, 107 Cal. 55, [40 Pac. 45]; *Bianchi* v. *Hughes*, 124 Cal. 24, [56 Pac. 610], and *Newport* v. *Drew*, 125 Cal. 585, [58 Pac. 187], in none of which was a claim of lien filed, all sustained the doctrine that the remedy under a stop notice does not depend upon the filing of a claim of lien and that the benefits of the chapter, so far as a stop notice is concerned, could be obtained without such filing. To the same effect, see *Long Beach School Dist.* v. *Lutge*, 129 Cal. 409, 413, [62 Pac. 36], *Diamond Match Co.* v. *Silberstein*, 165 Cal. 282, 289, [131 Pac. 874], *Miles* v. *Ryan*, 172 Cal. 205, 208, [157 Pac. 5], and *Stettin* v. *Wilson*, 175 Cal. 423, 426, [166 Pac. 6]. The phrase "claiming the benefits of this chapter" was thus given a meaning which confined its operation to the benefits of asserting a lien upon the property and did not extend it to include the benefits of any other remedy afforded by the chapter against the owner.

[2] According to familiar principles of statutory construction, this became the settled meaning of the phrase, and its subsequent continuation in future amendments of the same section should not be held to have changed its meaning in any particular.

It follows that the superior court properly sustained the demurrer to the special defense averred in the answer. The judgment is affirmed.

Melvin, J., Shaw, J., Olney, J., Wilbur, J., and Lawlor, J., concurred.

Rehearing denied.

Shaw, J., Melvin, J., Wilbur, J., and Angellotti, C. J., concurred.