[Civ. No. 2770.   Second Appellate District, Division One.—January
29, 1920.]

## H. F. PURINGTON, Respondent, v. J. H. OLSTEN, Appellant.

[1] MECHANICS' LIENS—PURCHASE OF MATERIALMEN'S CLAIMS—MONEY
FURNISHED BY OWNER—RIGHT OF ASSIGNEE TO SUE ON CONTRACTOR'S
BOND.—Where materials used in the construction of a building
are not paid for, the assignee of the claims of the materialmen
may maintain an action thereon against the surety on the con-
tractor's bond given pursuant to the provisions of section 1183 of
the Code of Civil Procedure, notwithstanding such assignee ob-
tained the money paid in acquiring the claims from the owner of
the property.

[2] ID.—RIGHT TO MAINTAIN SEPARATE ACTION ON BOND.—A con-
tractor's bond executed pursuant to the provisions of section 1183
of the Code of Civil Procedure inures to the benefit of all per-
sons furnishing materials to be used in the work described in the
contract, to all of whom it accords a right of action for mate-
rials so furnished, either in a separate action upon the bond or in
any suit brought to foreclose mechanics' liens upon the property.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Charles Monroe, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Wm. T. Blakely for Appellant.

Taylor & Forgy for Respondent.

SHAW, J.—Action to recover on a contractor's bond
given pursuant to the provisions of section 1183 of the Code
of Civil Procedure.   Judgment went for plaintiff, from
which defendant appeals on the judgment-roll.

[1]  It appears that the Boynton Company and the
Nelson Manufacturing Company furnished materials to a
subcontractor and used in the construction of a building,
for which payment was not made, which claims and all
right, title, and interest in and to the bond, after the com-
pletion of the building and before the commencement of the
action, were, as found by the court, duly assigned by said
companies to plaintiff, who was the legal owner and holder

thereof. In addition to these findings, all of which were in favor of plaintiff, the court made the following finding: "That at the time said Boynton Company and said Nelson Manufacturing Company assigned their said claims to the plaintiff, the plaintiff paid therefor the full amount of said claims, and that the money therefor was furnished to him by said Hughes, the owner of the building, and neither of said claimants has any further interest therein."

Upon this finding appellant asks for a reversal of the judgment, his contention being that it appears therefrom that Hughes, the owner of the building, had paid the claims to the materialmen, and hence no action therefor could be founded on the bond. We do not so interpret the finding. On the contrary, construing it in support of the judgment, it appears therefrom that plaintiff obtained from Hughes the money with which he acquired the claims, as to the validity of which, and the assignor's right to recover upon the bond in the absence of an assignment, no attack is made. The court found that the claims which were the subject of transfer by assignment were unpaid and that they were duly and regularly assigned to plaintiff. From whom or how he obtained the money paid in acquiring the claims was not a matter which concerned defendant, since, as to him, the assignment would have been equally valid without such payment. Hence, the fact so found seems to be wholly immaterial.

[2] Equally without merit is appellant's contention that no recovery could be had on the bond except in an action to foreclose a mechanic's lien on the building, wherein there should be, as a condition of such recovery, an adjudication of an unpaid balance. By the terms of the bond executed in pursuance of the provisions of the statute, it inured to the benefit of all persons furnishing materials to be used in the work described in the contract, to all of whom it accorded a right of action for materials so furnished, either in a separate action upon the bond or in any suit brought to foreclose mechanics' liens upon the property. (*General Elec. Co.* v. *American Bonding Co.*, 180 Cal. 765, [182 Pac. 444].)

While the action was brought against both the contractor and his surety, it is claimed that judgment was rendered against the surety only, which fact is urged by appellant as

another reason for reversal. Not only does the bond, in express terms, authorize the bringing of an action against the principal and surety, or either of them, but appellant does not even suggest that a suit may not be maintained against a surety for the default of his principal.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.