[Civ. No. 2851. Third Appellate District.—May 19, 1925.]

## R. H. DODD, Respondent, v. EVERETT MADDOX et al., Appellants.

[1] BUILDING CONTRACTS—FAILURE TO FILE PLANS AND SPECIFICATIONS—VALIDITY OF BOND.—A bond given by a contractor to the owner of a building guaranteeing performance of the contract according to the conditions thereof is valid and binding upon the sureties, notwithstanding the plans and specifications forming a part of the building contract were not filed with the county recorder; and the failure to file the contractor's bond before work is commenced does not invalidate the contract or relieve the sureties.

[2] ID.—PAYMENTS TO MATERIALMEN—SURETIES NOT PREJUDICED.—The payment by the owners to the assignee of certain materialmen of a portion of the funds remaining in the owners' hands and being the unpaid balance on the contract price did not prejudice the sureties on the bond given by the contractor but, on the contrary, relieved them to that extent.

[3] ID.—AMOUNT OF BOND—FAILURE TO FILE CONTRACT AND BOND—LIABILITY TO MATERIALMEN.—The fact that a bond given by the

contractor to the owner, in connection with a building contract, is given for an amount slightly less than fifty per cent of the contract price and that the contract, bond, etc., are not filed in such manner as to protect the owners, under the provisions of section 1183 of the Code of Civil Procedure, in that materialmen might enforce liens against the property of the owners, does not prevent materialmen from prosecuting their personal action to recover upon the bond; and the fact that a construction contract is invalid as between the parties, because not recorded, as required by law, does not relieve the sureties on the bond of the contractor from liability.

[4] ID.—FAILURE TO FILE LIENS—LIABILITY · OF SURETIES.—In this action by the assignee of certain materialmen against the sureties on the bond executed in connection with a building contract, under the form of bond executed by the sureties, plaintiff was entitled to maintain the action against said sureties, notwithstanding his assignors had not filed liens on the building.

---

(1) 40 **C. J.**, p. 124, n. 89, p. 355, n. 42, 43, 47, 48.   (2) 40 **C. J.**, p. 361, n. 64, 65.   (3) 40 **C. J.**, p. 355, n. 32, 33, 43, 44, 47, 48.   (4) 40 **C. J.**, p. 362, n. 95.

APPEAL from a judgment of the Superior Court of San Joaquin County. George F. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. H. Carpenter, Sawyer & Sawyer, and Frank W. Sawyer for Appellants.

Stephen N. Blewett and Cecil S. Johnson for Respondent.

PLUMMER, J.—Plaintiff brought this action as the assignee of certain materialmen to recover upon a builder's bond given for the benefit of the owners and, also, for all persons performing labor upon or furnishing materials to be used in the work described in the contract referred to in said bond, at the request of the contractor therein named. The bond also provided that it should inure to the benefit of all persons performing labor or furnishing materials to be used in the work contracted to be performed; that recovery might be had upon said bond in any suit brought to foreclose liens on the premises and also that an independent or separate action might be brought to recover on

the bond. The plaintiff had judgment and the defendants appeal.

It appears from the transcript that the total amount of the assigned claims aggregated the sum of $2,118.37, no part of which was paid by the contractor; that after the claims had been assigned to the plaintiff, the owners, out of the sum of $1,220, remaining in their hands and being the unpaid balance on the contract price, paid to the plaintiff the sum of $900, and retained in their hands the sum of $320, to protect themselves against liens and asserted claims of others than the assignors of the plaintiff herein. The action is prosecuted for the remainder due on the assigned claims, to wit, $1,218.37.

The bond sued upon is in the following words and figures, to wit:

"Contractor's and Builder's Bond.

"Know All Men by These Presents:

"That Everett Maddox and T. F. Emerson and W. C. Ramsey, as sureties, are held and firmly bound unto Ward L. and Olive Jones in the sum of seventeen hundred ($1,700.00) dollars of the United States (which sum is an amount equal to at least fifty per cent (50%) of the contract price named in the contract hereinafter referred to) to be paid to the said Ward L. and Olive F. Jones and any and all persons performing labor upon or furnishing materials to be used in the work described in said contract at the request of the contractor named therein, or any person acting for him, or by his authority, and to their heirs, executors, administrators or assigns, for which payment well and truly to be made we bind ourselves, our heirs, executors and administrators by these presents.

"Dated the 14th day of July, 1922.

"The condition of the above obligation is, such that

"Whereas, on the 14th day of July, 1922, the above named principal; Everett Maddox, as contractor, entered into a written agreement with said Ward L. and Olive F. Jones as owner, for the erection of a building on that certain lot of land situated in the oaks lot 18, block 12, which contract is hereby referred to and made a part hereof;

"Now Therefore, in addition to any and all conditions, for the performance of the contract above mentioned, this

bond is also conditioned for the payment in full of the claims of all persons performing labor upon or furnishing materials to be used in the work described in said contract, or in performing said contract, and shall inure to the benefit of any and all persons performing labor upon or furnishing materials to be used in the work described in said contract so as to give such persons a right of action to recover upon this bond in any suit brought to foreclose the liens provided for in Chapter II of Title IV, part III, of the Code of Civil Procedure of the State of California, or in a separate suit brought on this bond.

"And Now Therefore, further, if Everett Maddox the said contractor, shall faithfully perform said contract according to its terms, covenants and conditions, and shall also pay in full the claims of all persons performing labor upon or furnishing materials to be used in the work described in said contract, then this obligation to be void; otherwise to remain in full force and effect.

"Everett Maddox,

"Principal.

"T. F. Emerson,

"W. C. Ramsey,

"Sureties."

Although stated as fifty per cent of the contract price, an error was made in computation and the bond was given for a sum slightly less than one-half of the contract price of the building. This, however, does not affect any of the questions tendered for decision here, for the reason that the action is not prosecuted by the owners, and no question of limiting the amount of claims or liens to be paid by the owners is involved in this case. The suit is by materialmen, through the agency of their assignee. It also appears from the contract that there was a failure to file the plans and specifications and bond within the time prescribed by the codes, and this objection is urged by appellant as a reason for reversal herein. However, these questions have been decided adversely to appellant's contention, and we need not further consider the same than to refer to the decisions of the supreme court relating thereto. [1] A bond given by a contractor to the owner of a building guaranteeing performance of the contract according to the conditions thereof

is valid and binding upon the sureties, notwithstanding the plans and specifications forming a part of the building contract were not filed with the county recorder. (*Blyth* v. *Robinson*, 104 Cal. 239 [37 Pac. 904]; *McMenomy* v. *White*, 115 Cal. 339 [47 Pac. 109].) Likewise, it is held that the failure to file the contractor's bond before the work was commenced does not invalidate the contract, or relieve the sureties. (*Hollenbeck-Bush P. Mill Co.* v. *Amweg*, 177 Cal. 160 [170 Pac. 148]; *Hammond Lumber Co.* v. *Willis*, 171 Cal. 565 [153 Pac. 947].)

[2] It is also argued that the payment by the owners of the sum of $900 to the plaintiff in this action, after the claims of materialmen had been assigned to him, prejudiced the sureties and, therefore, relieved them from their obligations. We see nothing of merit in this contention. The payment of the sum of $900 by the owners, instead of prejudicing the sureties, relieved them to that extent, and instead of being sued for the total sum of the bond, the action was prosecuted against them to recover only the sum of $1,318.37. Our attention is also called to sections 2845, 2849, and 2850 of the Civil Code, but these sections are not applicable to this case. No attempt was made in this case to require the creditors to proceed other than as the action was prosecuted. The principal on the bond in this case was made a party to the action. There is nothing in the case which involves section 2849 of the Civil Code relating to a surety being entitled to the benefit of every security for the performance of the principal's obligations. It does appear, however, that the surety had the benefit of the payment of the sum of said $900 on account of the claims for materials furnished, held by the plaintiff.

[3] The fact that the bond was not given in the proper amount and that the filings were not had so as to protect the owners, under the provisions of section 1183 of the Code of Civil Procedure, in that materialmen might have enforced liens against the property of the owners, does not prevent the materialmen from prosecuting their personal action to recover upon the bond. (*Palmer* v. *White*, 70 Cal. 220 [11 Pac. 647].) It is also held that the fact that a construction contract is invalid as between the parties, because not recorded, as required by law, does not relieve the sureties on

the bond of the contractor from liability. (*Waterson* v. *Owens River Canal Co.*, 25 Cal. App. 247 [143 Pac. 90].)

The appellants herein rely upon the case of *Hubbard* v. *Jurian*, 35 Cal. App. 757 [170 Pac. 1093], and other cases announcing and following the rule therein set forth. The case of *Hubbard* v. *Jurian* and others, covering the same interpretation of bonds such as involved herein, cannot, in view of the decision of the supreme court in *General Elec. Co.* v. *American Bonding Co.*, 180 Cal. 675 [180 Pac. 444], longer be considered as authority upon the points here involved.

The facts before us are in principle practically identical with the issues determined in the General Electric Company case. After setting forth the fact that the action might be had upon the bond to recover in any suit to foreclose liens, or upon a separate suit upon the bond as provided for herein, and also further stating that the record showed that no liens had been filed, the supreme court considers the ruling had in *Hubbard* v. *Jurian* and other cases, and holds as follows: "We are of the opinion that the cited cases were improperly decided so far as they held that a bond like the one before us is incapable of enforcement unless the claimants seeking to bind the sureties have filed their liens within the prescribed time." **[4]** In the case at bar no liens were filed. In the General Electric Company case no liens were filed. The provisions of the two bonds are identical and it therefore follows that the opinion of the supreme court, to which we are referring, is controlling, and it must be held, in accordance therewith, that the plaintiff in this case, as the assignee of the materialmen furnishing materials which went into and were used in the construction of the building contemplated to be erected, and for the performance of which the sureties executed the bond here set forth, may maintain this action against the sureties irrespective of the filing or nonfiling of liens against the building. As has been said in several cases, this proceeding is a cumulative remedy. The following cases have also followed the rule laid down in the General Electric Company case, *supra:* *Purington* v. *Olsten*, 45 Cal. App. 621 [188 Pac. 288]; *Crocker Wheeler Co.* v. *American Bonding Co. of Baltimore*,

45 Cal. App. 793 [187 Pac. 928]; *Standard Iron Works* v. *Maryland C. Co.*, 56 Cal. App. 601 [206 Pac. 136].

The judgment of the trial court is hereby affirmed.

Anderson, J., *pro tem.*, and Finch, P. J., concurred.

Appellants' petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 16, 1925.

All the Justices concurred.