[L. A. No. 4923.  Department One.—July 30, 1919.]

## PERLE C. PEMBERTON, Respondent, v. EDWARD ARNY, Appellant.

[1] Negligence—Personal Injuries—Collision of Automobile With Pedestrian on City Street—Evidence—Traffic Ordinance—Conflict With Motor Vehicle Act—Findings—Lack of Prejudice.— In an action to recover damages for personal injuries sustained by a pedestrian on a city street from being struck by an automobile alleged to have been negligently operated by defendant, the admission in evidence over defendant's objection of a section of an ordinance of the city providing that the driver of any vehicle in turning to the right from one street into another shall turn the corner as near the right-hand curb as possible, even if erroneous, on the ground that the section had been superseded by the Motor Vehicle Act (Stats. 1913, p. 639), providing that the driver of any vehicle in turning to the right from one street into another shall keep to the right of the center thereof, was without prejudice, where the court not only found that at the time of the accident the defendant was violating the city ordinance, but also, that he was violating the Motor Vehicle Act itself, in that he did not keep to the right of the center of the street intersection.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John W. Shenk, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Swaffield, Swaffield and Chris Wilson, Jr., for Appellant.

Ingle Carpenter and Chas. W. Fourl for Respondent.

LAWLOR, J.—This action was brought by the plaintiff against the defendant to recover damages for injuries sustained by his wife, Amy Pemberton, through the alleged negligence of the defendant in the operation of his automobile. The cause was tried before the court sitting without a jury. The court found for the plaintiff in the sum of two thousand dollars, with costs amounting to $59.45, and judgment was entered accordingly. The appeal is from the judgment on the grounds of the insufficiency of the evidence and errors in law occurring at the trial.

Mrs. Pemberton was struck and run over by appellant's automobile. The accident occurred on January 22, 1915, between 7 and 7:30 P. M., at the intersection of Third Street and Atlantic Avenue, in the city of Long Beach. Third Street, which runs east and west, is crossed at right angles by Atlantic Avenue, a street sixty feet wide from curb to curb. Third Street, along which a double street-car track runs, is paved and is fifty feet wide from curb to curb. Atlantic Avenue is not paved, but the pavement of Third Street extends north into this street two feet beyond the north line of the sidewalk if extended across Atlantic Avenue. This pavement comes up flush with the sidewalk and curb on both sides of Atlantic Avenue, so that there is no drop from the sidewalk to the pavement at this crossing.

On the evening of the accident Mrs. Pemberton, with her twelve year old son, Lorwin, left her home with the intention of attending the revival services which were being held in the tabernacle, a temporary structure, situated on the northeast corner of Atlantic Avenue and Third Street. They had alighted from a street-car at the corner of American Avenue and Third Street, three blocks west of Atlantic Avenue, and were proceeding east on the sidewalk along the north side of Third Street and had reached a point on the crosswalk on Atlantic Avenue when Mrs. Pemberton was struck by defendant's machine, which had come down Third Street in a westerly direction and was making the turn into Atlantic Avenue, going north.

As to the nature and extent of the injuries sustained there was no conflict in the evidence. It was established by the testimony of the plaintiff and Mrs. Pemberton, as well as by that of the physicians who treated her, that she had sustained bruises about the head and chest and arms; that three ribs had been broken on the left side, and that at least one of these had punctured the lung on that side. It was further established that two major operations had been necessary as the result of the accident; that one of these operations was for the purpose of removing the spleen, which had been ruptured; the removal of which the doctor who performed the operation testified was absolutely necessary in order to save the patient's life. The other operation was for the purpose of removing certain abscesses from the lung. It was also established that a rupture had developed as a result of the first operation, which could be cured only by a further operation. It was the opinion of the physicians who testified as to Mrs. Pemberton's condition that her health would never be normal again.

As to how the accident actually happened the evidence is in sharp conflict. Mrs. Pemberton testified that as she approached Atlantic Avenue her son Lorwin was on her right, that is, on the side next to the street; that when they reached the west side of Atlantic Avenue they stopped on the curb and looked both ways before proceeding to cross, that is to say, she looked north along Atlantic Avenue and south along Atlantic Avenue and east along Third Street; that in doing so she saw defendant's automobile approaching as it came down Third Street, going west; that it was moving moderately fast near the center of the street; that at the time she stepped from the west curb of Atlantic Avenue on to the crosswalk the defendant's machine was about fifty feet east of the sidewalk line of the east side of Atlantic Avenue; that from the time she stepped into Atlantic Avenue she paid no further attention to the machine, because it did not appear to be in her way; that she had proceeded about ten or fifteen feet, less than half-way across the street, when she was struck in the back and side by the defendant's automobile; that she heard no horn sounded or any other warning given; that she did not know that the defendant's machine had made the turn until it struck her; and that she did not remember whether or not the lights on the machine were lighted. This statement was

corroborated by her son Lorwin, who testified that he had watched the automobile out of the corner of his eye from the time that he and his mother started on the crosswalk until he thought it had passed them; that he did not see any evidence of an intention on the part of the defendant to turn up Atlantic Avenue; that the first he knew that the machine had turned was when it loomed up on his right, not more than two feet away; that he jumped forward and yelled as the machine touched his right leg. He escaped injury.

Mr. and Mrs. C. H. Haag, witnesses called for the plaintiff, testified that they also were on their way to attend the revival services at the tabernacle at the time the accident occurred; that they were proceeding along the crosswalk on Atlantic Avenue, just ahead of Mrs. Pemberton and her son; that they saw the defendant's automobile coming down Third Street; that all of the lights were lighted and that the machine appeared to be moving at about ten or fifteen miles an hour; that they both watched to see whether or not it was going to make the turn into Atlantic Avenue; that at the time the machine reached the sidewalk line on the east side of Atlantic Avenue, the point where an automobile would ordinarily begin to make the turn, it showed no signs of slackening speed nor gave other evidence of turning; that they watched particularly, because when the machine had reached that point, they were about twelve or fifteen feet from the east curb of Atlantic Avenue and would have been directly in the machine's way if it had made the turn. Both of these witnesses testified that they did not see the automobile make the turn; that the first they knew that it had turned into Atlantic Avenue was when they heard Lorwin Pemberton scream. At this they both turned and saw the machine just as it was coming to a stop. It was then headed in a northwesterly direction and was on the west side of the center line of Atlantic Avenue, on the crosswalk. Mr. Haag testified that he rushed back and was among the first to reach the injured woman. She was under the machine and he found when he attempted to pull her out that she was held fast by the right rear wheel, which was resting either on her body or on her clothes; that in order to release her it was necessary to push the machine back about a foot. Both

Mr. and Mrs. Haag testified that they heard no horn sounded or other alarm given.

Witness Willie E. Hale, called by the plaintiff, testified that he arrived on the scene with an ambulance shortly after the accident happened; that he drove the ambulance south down Atlantic Avenue and stopped on the east side of where Mrs. Pemberton was being supported in a sitting position on the ground. His ambulance was west of the center line of Atlantic Avenue. William M. Galbraith, also called on behalf of the plaintiff, testified that he reached the scene shortly after the accident occurred; that he found the plaintiff sitting on the ground a little west of the center of the street and that the automobile was standing almost exactly in the center of the street. E. B. Hill, called on behalf of the plaintiff, testified that he, too, was on his way to the tabernacle; that he was proceeding along the crosswalk just ahead of Mr. and Mrs. Haag; that he observed the defendant's machine as it came down Third Street and that he did not see any indications of it making the turn into Atlantic Avenue; that he watched the automobile until it passed the point where a vehicle would usually begin to turn, that is to say, the sidewalk line of the east side of Atlantic Avenue; that he had reached the east curb when he heard Lorwin Pemberton scream; that he turned and saw that the machine had turned and that Mrs. Pemberton had been run down on the crosswalk. He rushed to the automobile and assisted Mr. Haag in removing Mrs. Pemberton from underneath the machine. According to this witness the automobile was entirely on the east side of the center line of Atlantic Avenue, but he testified that the west or left-hand side of the machine was right on the center line. None of these witnesses saw the machine make the turn. All of them, however, except the last two, as we have shown, gave the position of the machine when it was brought to a stop as being on the left-hand side of the center of the street.

It is the contention of the appellant that he made the turn from Third Street into Atlantic Avenue, as near the right-hand curb as was possible, and that the injury to Mrs. Pemberton was the result of her own negligence in hurrying across Atlantic Avenue without looking for approaching automobiles. The appellant was driving the machine himself, sitting alone on the front seat. In the rear seat were his wife and

his two daughters.   In his own behalf the appellant testified
that as he came down Third Street he was on the right-hand
side of the north car-track; that he was traveling about ten
miles an hour; that he had all the lights burning on the
machine; that when he reached the east line of Atlantic Ave-
nue he sounded his horn and began to make a gradual turn
to the right; that he passed within six or eight feet of the
northeast corner, but that in order to avoid striking an au-
tomobile which was parked on Atlantic Avenue at right
angles to the curb from fifteen to twenty feet north of the
corner, he bore a little to the left; that there was a street-car
passing going east, just before he reached the east line of
Atlantic Avenue; that Atlantic Avenue was very dark at the
time; and that there were no lights except those on his ma-
chine and some of the machines that were parked, and a small
incandescent light at the door of the tabernacle; that he did
not see Mrs. Pemberton until she was within about a foot
or a foot and a half of the right front fender; that just
before he saw her he had been blinded for an instant by a
light from some source which flashed across his windshield;
that as soon as he saw Mrs. Pemberton he cramped his front
wheels hard to the left, threw out his clutch, jammed on the
foot-brake, and at the same time set the emergency brake,
bringing his machine to a stop within its own length, and on
the right-hand side of Atlantic Avenue.   Appellant's testimony
was corroborated throughout by that of his wife and his two
daughters.

Witnesses Mrs. Minnie Haskins, Reverend A. R. Moore,
W. E. Brown, and J. C. Hoffman, called on behalf of appel-
lant, all testified that they arrived on the scene after the
accident had happened, and that they found the machine
standing on the east side of the center line of Atlantic Ave-
nue, or, in other words, on the right-hand side of the street.
C. H. Stevenson, also called for the appellant, testified, how-
ever, that the machine was standing at about the center of the
street.

The court found that the defendant Edward Arny, "at
the time and place hereinabove referred to, suddenly and
without warning or signal of any kind turned his automobile
to the right and to the north into Atlantic Avenue and vio-
lently struck Amy Pemberton with his said automobile, and
knocked her to the pavement and ran over her and dragged

her beneath same; that the defendant in turning to the right from said Third Street north into Atlantic Avenue caused his automobile to be turned so suddenly in front of Amy Pemberton that the said Amy Pemberton did. not have time to get out of the way of defendant's automobile before the collision occurred. . . . That the defendant . . . carelessly and negligently' drove and operated his automobile upon said crossing in a careless manner without due or any regard to the safety and convenience of pedestrians and the said Amy Pemberton, in that he neglected and failed to keep a sharp, diligent, and careful watch or any lookout or watch whatsoever for pedestrians and by reason of said negligence defendant's automobile struck Amy Pemberton and threw' her to the ground and injured her as herein more fully set forth. That the defendant' negligently and carelessly. gave no reasonable, or any warning, by horn, or otherwise, to said Amy Pemberton that defendant was turning from Third Street north into Atlantic Avenue, and intended to cross said sidewalk or crossing, which was being used by the said Amy Pemberton, in order to allow the said Amy Pemberton to escape from in front, and get out of the way, of defendant's automobile. That by reason of the carelessness and negligence of the defendant as hereinabove alleged the said Amy Pemberton while upon said crossing referred to' was struck by defendant's automobile as aforesaid, was knocked down and dragged, thrown to the pavement,'' and suffered the injuries as hereinbefore set out, ''and that she will be an invalid for the remainder of her life and unable to perform her usual duties.

''As a conclusion of law from the foregoing facts, the court finds and decides: That the defendant Edward Arny was guilty of negligence in running and colliding with and running over the said Amy Pemberton, the wife of the plaintiff herein, and that said negligence was the proximate cause of the said injuries; that the said Amy Pemberton was not guilty of any contributory negligence whatsoever.''

We have thus reviewed the testimony at length in order to show that there is sufficient evidence to support the findings of the court, resolving the conflict on the side of the plaintiff.

Appellant contends that the court erred in admitting in evidence over the appellant's objection section VIII of ordinance 598, known as the ''Traffic Ordinance'' of the city of Long

Beach, which section reads as follows: "Section VIII. The driver of any vehicle in turning to the right from one street into another shall turn the corner as near the right-hand curb as possible." It is urged that the section was irrelevant, immaterial, and not pertinent to any issue in the case, and had been superseded by the Motor Vehicle Act of the state of California (Stats. 1913, p. 639), which provides that the driver of any vehicle in turning to the right from one street into another shall keep to the right of the center thereof.

On this point the court found: "That at the time of said injury to the said Amy Pemberton . . . there was in full force and effect in the city of Long Beach, State of California, an ordinance No. 598 (N. S.), which provided that: 'The driver of any vehicle in turning to the right from one street into another shall turn the corner as near the right-hand curb as possible'; . . . that the defendant in turning to the right and north into Atlantic Avenue from said Third Street in the city of Long Beach did not keep as near the right-hand curb as possible; that at the time of the accident herein complained of there was nothing to prevent the defendant in turning to the right from said Third Street north into Atlantic Avenue, from turning close to the curb at the northeast of said Third Street and Atlantic Avenue as required by the ordinance hereinabove referred to; that the defendant in turning to the right from said Third Street north into Atlantic Avenue in said city of Long Beach, did not keep to the right of the center of the street intersection of said Third Street and Atlantic Avenue; that the negligence of the defendant was the sole and proximate cause of the injuries."

[1] In view of this finding it is not necessary to consider whether the admission of the section VIII above referred to was superseded by the Motor Vehicle Act. It is to be noted that the court not only found that at the time of the accident the defendant was violating the said city ordinance, but, also, that he was violating the Motor Vehicle Act itself, in that, "he did not keep to the right of the center of the street intersection of said Third Street and Atlantic Avenue." For this reason, the admission of the ordinance, even if erroneous, would not be prejudicial.

It is further urged by the appellant that the court erred in admitting in evidence the following testimony on cross-

examination of Mrs. Kittie Arny, wife of defendant, and a witness called in his behalf:

"Q. So, then, there was nothing, so far as you could see, on the east side of Atlantic Avenue, which would at all have interfered with your turning closer to the curb than the turn which brought you at or near the center of the street?

"Mr. Swaffield: We object to that on the ground that it assumes a state of facts not in evidence. It assumes that the turn they made would have brought them to the center. She testified there was a swing apparently to the west at the time of this accident; she has not testified that the turn brought them to the center; irrelevant, incompetent, and immaterial.

"The Court: Read the question."

"(Question read.)

"The Court: She may answer if anything was there that interfered with your turning.

"A. There was nothing there that I saw; we turned as close as we could."

The objection that the question assumed a state of facts not in evidence is without merit. As we have heretofore pointed out, there was evidence before the court tending to show that the turn which the defendant made did bring his automobile to the center of the street intersection and beyond that line. And this is not affected by the fact that there was evidence to the contrary. Moreover, the question to which counsel objected as assuming facts not in evidence was not answered. After having the question read the court said: "She may answer if anything was there that interfered with your turning." The answer was directly responsive to the question of the court. In any event, the answer could not be held to be prejudicial for the reason that other witnesses had testified to the same effect and there was no testimony to the contrary. Nor was any claim made by appellant that there was any obstruction at the northeast corner of the street.

Judgment affirmed.

Shaw, J., and Olney, J., concurred.