[Civ. No. 3329. First Appellate District, Division One.—May 18, 1920.]

## A. L. HUBBARD et al., Appellants, v. A. JURIAN et al., Respondents.

[1] APPEAL—FORMER JUDGMENT—SUBSEQUENT DEPARTURE FROM DOCTRINE ANNOUNCED—LAW OF CASE.—A final judgment of the district court of appeal in a given case (a hearing in the supreme court being denied) constitutes the law of the case on a second appeal, notwithstanding that subsequent to the time such judgment became final, but prior to the second appeal, the doctrine of the decision of the district court of appeal on the first appeal is departed from by the supreme court in a different case.

[2] MECHANICS' LIENS — WORK ON BUILDING — TIME OF CESSATION — PAINTING OF WINDOW-SILLS PROPERLY OVERLOOKED.—The painting of window-sills under the direction of the architect to protect them from cracking in the sun, if trivial in amount and not done on the contract, nor by the contractor, is properly overlooked by the court in determining when work on the building ceased.

[3] ID.—EQUITABLE GARNISHMENT BY GIVING OF STOP NOTICE—MONEY AFFECTED.—The equitable garnishment which is occasioned by the giving of a stop notice under section 1184 of the Code of Civil Procedure attaches only to such sum as might be payable to the contractor after the extinguishment of liens.

[4] APPEAL—REVERSAL—RECOVERY COSTS—SERVICE OF COST BILL ON COAPPELLANT UNNECESSARY.—Where the *remittitur* provides "the appellants to recover costs on this appeal," it does not allow one appellant to recover costs from another appellant, but only from the respondent, such coappellants not being adverse parties, notwithstanding they took separate appeals and the judgment of the appellate court results in the reduction of judgment as to one and an increased judgment against the other; and in such case it is not necessary for the former to serve a copy of its cost bill on appeal on the latter.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing to strike out a cost bill for costs on a former appeal. W. A. Beasly, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ralph C. McComish for Appellants.

F. H. Bloomingdale, James Walter Scott and James J. Harrington for Respondents.

KOFORD, J., *pro tem.*—Two appeals are involved here. Plaintiffs appeal from the portion of the judgment foreclosing the mechanics' liens of some of their assignors and denying relief for the claim of Hubbard & Carmichael, one of plaintiffs' assignors. Plaintiffs also appeal from the order of the trial court refusing to strike out the cost bill for costs on a former appeal.

The present plaintiffs are the executors of the original plaintiff, now deceased.

When this case was originally tried the judgment in favor of the then plaintiff included the Hubbard & Carmichael lien filed July 2, 1913. The defendants each appealed from the judgment and order denying a new trial. On this appeal the judgment was modified in certain respects, including the disallowance of this particular lien on account of the claim of lien having been filed too late. (*Hubbard* v. *Jurian,* 35 Cal. App. 757, [170 Pac. 1093].) Upon the going down of the *remittitur* the trial court entered judgment in accordance with its directions upon the same findings of fact, but containing recitals of the appeal and decision on appeal. Thereupon plaintiffs moved for a new trial, which was denied, and then took this appeal from a portion of the judgment.

Appellants, in seeking a reversal of the judgment, contend (1) that the finding that Odell and Jurian were estopped from claiming that the work had been abandoned prior to March 10, 1913, by reason of having alleged in their answer that the abandonment occurred on or about that date, should prevail over the finding that the contractor ceased from all labor on the building on March 1, 1913, which it is argued (2) is not supported by the evidence.

Appellant also urges (3) that Hubbard & Carmichael Bros., having filed a stop notice under section 1184 of the Code of Civil Procedure, were entitled to be paid out of the money in the hands of the owners belonging to the contractor, which was found to be $948; and (4) that a laborer or materialman máy recover from the surety of the contractor without having perfected a lien.

The decision on the former appeal of this case disposes of most, if not all, of the points, and, therefore, is the law of the case with respect to the question decided on that appeal. The doctrine of the decision on the former appeal in this

case on the fourth point above urged by appellants has been
departed from by the supreme court, since the judgment
herein was entered on the *remittitur,* in the later case of
*General Electric Co.* v. *American Bonding Co.,* 180 Cal. 765,
[182 Pac. 444], notwithstanding that a petition for hearing
in the supreme court of the former appeal of *Hubbard* v.
*Jurian, supra,* was denied by that court. [1] But our de-
cision on the former appeal must still be considered to be
the law as far as this case is concerned. It is a final judg-
ment as to that point, and for all purposes of this par-
ticular case it remains established, whether it may be after-
ward thought to be right or wrong. With respect to this
point on appeal appellants recognize that this court is bound
by its former decision.

But with respect to the other three points on appeal appel-
lants assert that there is no law of the case. First, they
point out that in the first decision the word "estoppel" is
not used, and that therefore their first point is still open
for decision. We do not agree with this. Although the
word "estoppel" is not used as is claimed, yet the decision
fully discusses this point, and decides that the defendants'
pleading as a whole is of such a nature that it does not
estop them, and that the finding as to the date of abandon-
ment stands. We quote from the decision as follows:

"It is contended upon behalf of the respondent Hubbard
that the claim of lien of Hubbard & Carmichael which was
filed on July 2, 1913, was within time because it was filed
within 120 days from March 10, 1913, 'on or about' which
date the answer alleged work on the building was aban-
doned. In this behalf it is urged that this date, by reason
of the averments of the answer, was admitted by the de-
fendants to be the date when work ceased upon the build-
ing, and that as a consequence the trial court should have
accepted that date as the time of cessation of labor despite
evidence to the contrary, and that the finding of the trial
court that work ceased upon the building on March 1, 1913,
was, in so far as the Hubbard & Carmichael claim was con-
cerned, unauthorized, and cannot, therefore, be permitted
to prevail over the admitted fact.

"In support of this contention we are cited to the familiar
rule that an admission made in the pleading is binding on
the party making it; that a fact admitted by the pleadings

of an opponent need not be proved; and that any evidence introduced contrary to such admission must be disregarded by the trial court when making its finding. In our opinion this rule has no application to the situation presented by the pleadings in the present case. The burden of proof was upon the plaintiff to show that his assignor, Hubbard & Carmichael, had filed their claim of lien within the statutory time after constructive completion of the building. (Bloom's Law of Mechanics, Supp., p. 258.) The answer of the defendants squarely and sufficiently denied the allegation of the complaint that the building was completed on June 20, 1913. This denial made it incumbent upon the plaintiff to proffer proof showing that the claim of lien had been filed within time. Moreover the phrase 'on or about March 10th,' as used in the answer, is indefinite and uncertain, and might, therefore, consistently mean several days before or after that date, and, inasmuch as the exact date of the completion of the building or the cessation of work thereon was a material fact to be determined by the court below as a foundation for the allowance or rejection of the claims of lien, it cannot be said that the allegation in question was such a definite admission of fact as would preclude the necessity for the taking of evidence · or the making. a finding thereon.

"The finding of the trial court that work on the building ceased on March 1, 1913, and that such cessation continued for more than a period of thirty days, being · sufficiently supported by evidence, it follows that the Hubbard & Carmichael lien, which was filed July 2, 1913 (123 days after March 1, 1913), was just three days too late, and therefore should not have been allowed."

It is thus stated in the decision that the finding of the date of cessation of labor is sufficiently supported by the evidence. [2] Appellants contend that as they were respondents on that appeal they could not attack that finding at that time; but that being appellants now, they may do so. However this may be, we are still of the opinion that the evidence is sufficient to support the finding that the contractor ceased from all labor upon the contracts on March 1, 1913. The work done on March 4, 1913, was painting window panels under direction of the architect to protect them from cracking in the sun, and was trivial in amount. I

was properly overlooked by the trial court, not so much because it was trivial, but because it was not done on the contract, nor by the contractor. This amount of painting should be compared with any steps taken by the owner looking to the protection of his property from deterioration, as distinguished from improving it constructively by either the contractor, or owner, or going ahead in any manner with the contemplated work.

[3] Appellants contend that the third point, touching the stop notice, was discussed in the former decision only with respect to the premature payment made to the contractor; that this court can now decide that this stop notice should be given effect, operating not upon the premature payment of $1,315, but on the money remaining in the hands of the owners and due the contractor at the time of the service of the withhold notice. Appellants state that the trial court found this amount to be $948. There is no finding to this effect directly, but it is arrived at by computation. The contract prices were $5,260 and $3,600, which, together with extras, make a total of $9,222. The owners paid installments of $900, $1,315, and a further sum of $1,315, together with the sum of $4,744.59, to complete the work after abandonment, making a total of $8,274.59 cost to the owner without paying liens. The difference between this cost and the contract price, with extras, is $948, ignoring cents.

Is this amount available to plaintiffs under the stop notice, in face of the fact that there are valid liens greatly in excess of this sum? The judgment distributes this sum proportionately among the several valid lien claimants, and also gives them judgment against the sureties on the statutory bond filed by defendant Maryland Casualty Company. Therefore, while the amount of $948 was due the contractor under the terms of his contract, in one sense, it is not in another. He will never receive it and is not entitled to it. (Code Civ. Proc., sec. 1193.)

It was said in *Hughes Bros.* v. *Hoover*, 3 Cal. App. 145, [84 Pac. 681]: "The contention of appellant that it was entitled to a personal judgment against the owner growing out of the notice to withhold money is not tenable. The equitable garnishment which is said to be occasioned by such notice, attaches only to such sums as might be payable to the contractor after the extinguishment of liens, for until

such liens are extinguished no sum is payable from the owner to the contractor.''

Plaintiffs by reason of the stop notice, therefore, were not entitled to judgment against the owner, nor to be paid out of this fund to the exclusion in whole or in part of the valid lien claimants. This disposes of all the points of the appellants on the appeal from the judgment.

[4] The appeal from the order of the trial court refusing to strike out the cost bill on appeal is based on the fact that the defendants Jurian and Odell did not serve the cost bill on the defendant Maryland Casualty Company as well as upon plaintiffs. The two defendants were appellants there, having taken separate appeals, and plaintiffs' predecessor was the respondent. The *remittitur* provided ''the appellants to recover costs on this appeal.'' It is claimed that inasmuch as the modification of the judgment resulted in a reduction of the judgment against appellants Odell and Jurian, and an increased judgment against appellant Maryland Casualty Company, that said last-named appellant was in fact an ''adverse party'' to its coappellants, Odell and Jurian, as that term is used in Code of Civil Procedure, section 1033. The *remittitur* did not allow one appellant to recover costs from the other, but only from the respondent (appellants here). The appellants filing the cost bill did not ask for judgment for costs against their coappellant. We must hold, therefore, that those appellants were not adverse parties to each other; that it was not necessary that the cost bill be served on the Maryland Casualty Company; and that the trial court properly refused to strike it out on that ground.

The judgment and order appealed from are affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 15, 1920.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.