[Civ. No. 3346.   Second Appellate District, Division One.—September 28, 1920.]

HENRY S. HUMPHREY, Respondent, v. UNITED STATES MACARONI COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—AUTOMOBILE ACCIDENT — OWNERSHIP AND OPERATION OF MACHINE—PLEADING AND EVIDENCE.—Where in an action for personal injuries to a pedestrian resulting from the overturning of an automobile the ownership and operation of the automobile are admitted by the pleadings, the introduction of evidence as to the same is unnecessary.

[2] MUNICIPAL ORDINANCE — TRAFFIC — USE OF RIGHT-HAND SIDE OF STREET—MOTOR VEHICLE ACT—WANT OF DIFFERENCE. — An ordinance of the city of Los Angeles providing that the driver of any vehicle upon meeting any other vehicle at any place upon any street shall turn to the right and on all occasions shall travel on the right-hand side of such street and as near the right-hand curb thereof as possible, is not in effect different from the provision of the Motor Vehicle Act (Stats. 1917, p. 4000), requiring the driver of a vehicle on a public highway "whenever practicable" to drive on the right-hand side of such highway.

[3] Id.—Violation of State Motor Vehicle Act—Evidence — City Ordinance Prescribing Different Rate—Lack of Prejudice.— Where in an action for personal injuries to a pedestrian resulting from the overturning upon him of an automobile at a street intersection it appeared that the defendant was guilty of negligence in traveling at a rate of speed prohibited by the state Motor Vehicle Act, the admission in evidence of a city ordinance prescribing a different rate of maximum speed was not prejudicially erroneous.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellant.

E. B. Drake for Respondent.

CONREY, P. J.—The defendant appeals from a judgment rendered in favor of the plaintiff for the sum of $5,635 on account of alleged negligence of the defendant in the operation of its automobile at the intersection of Lyons and Ramirez Streets, in the city of Los Angeles, on the third day of October, 1918.

[1] Appellant contends that the findings are not sustained by the evidence in this, that there is no evidence showing that defendant owned the automobile or that the person driving it was in defendant's employ or was acting in any way for the defendant. The complaint alleged that "while plaintiff was walking carefully along on the sidewalk of the northerly side of Lyons Street, at or near the intersection of Ramirez Street, which are public streets in the city of Los Angeles, state of California, the aforesaid automobile of the defendant herein, while being driven and propelled by the aforesaid driver and employee of said defendant herein, was so negligently and unlawfully operated that it overturned upon and over plaintiff and violently struck and threw down plaintiff herein while he was on the said sidewalk at or near the aforesaid intersection, and injured him as hereinafter set out." The answer on

---

3. Conflict between state and local regulations regarding automobiles, note, L. R. A. 1918D, 137.

that subject is as follows: "Admits that on or about Oc-
tober 3, 1918, defendant herein had a person in its em-
ploy whose duties were to drive an automobile for the
defendant; but denies that on October 3, 1918, while plain-
tiff was walking carefully along or on the sidewalk of the
northerly side of Lyons Street, at or near the intersection
of Ramirez Street, in the city of Los Angeles, the automo-
bile of the defendant was driven or propelled by the driver
thereof, or any employee of the defendant, negligently or
unlawfully, or that the same was so negligently or unlaw-
fully operated that it overturned upon or over plaintiff,
or violently struck or threw down plaintiff while he was
on the sidewalk, or at or near the aforesaid intersection,
or that plaintiff was thereby injured." This answer in
effect admits that defendant's automobile was being driven
by defendant's employee and as such employee, at the time
and place indicated. The only denial is that the driving
of the automobile by defendant's employee was negligent
or unlawful, or so negligent or unlawful that the automo-
bile was overturned upon the plaintiff, to his injury, etc.
On the issues thus limited, it was not necessary for the
plaintiff to introduce evidence to prove that the defendant
owned the automobile or that the driver was in the de-
fendant's employ.

[2] Appellant next contends that the court erred in ad-
mitting in evidence certain sections of an ordinance of the
city of Los Angeles, thereby overruling defendant's objec-
tion that the provisions of the ordinance are different from
the provisions of the Motor Vehicle Act on the same sub-
ject, and that the state law controls. Section 6 of the ordi-
nance provides that "The driver of any vehicle, upon
meeting any other vehicle at any place upon any street
shall turn to the right, and, on all occasions, shall travel
on the right hand side of such street, and as near the
right hand curb thereof as possible," with exceptions which
need not be discussed. The Motor Vehicle Act (sec. 20,
subd. a, Stats. 1917, p. 400) requires that the driver of a
vehicle on a public highway, "wherever practicable shall
drive on the right-hand side of such highway." Appellant
contends that the language of the ordinance requiring
vehicles to travel on the right-hand side of the street is
absolute in terms, whereas the Motor Vehicle Act only re-

quires such travel on the right-hand side of the street wherever practicable. It would be absurd to construe the ordinance as requiring such travel on the right-hand side of the street when the conditions are such that it is not practicable. There is no difference in effect between the terms of the ordinance and of the statute with regard to this rule.

[3] Section 80 of the ordinance provides that "Any person who shall ride, drive or propel, or who shall cause or permit to be ridden, driven or propelled, any vehicle at a rate of speed greater than twenty (20) miles per hour, and not greater than thirty (30) miles per hour along or upon any street in the city of Los Angeles," outside of certain described territory, shall be deemed guilty of a misdemeanor. The Motor Vehicle Act (sec. 22 [a], Stats. 1917, p. 404) provides, among other things, "that no person shall operate or drive a motor vehicle or other vehicle on any public highway at a greater rate of speed than fifteen miles per hour . . . in approaching or traversing an intersecting highway or crossing or intersection of highways, or in approaching or going around corners or curves in the highway, when in any of the foregoing cases the operator's or chauffeur's view of the road . . . is obstructed." At the time and place in question in this case the defendant's automobile was traveling in a southerly direction on Lyons Street and approaching Ramirez Street. The evidence tends to prove that the automobile was traveling in the middle of the street at a rate of speed in excess of twenty miles per hour; that the operator's view of the road—that is to say, of Ramirez Street—so far as travel from the west on that street was concerned, was obstructed by a two-story building located at the northwest corner of the two streets. At the intersection, the automobile made a sharp turn to the left, and turned over. We concede that the Motor Vehicle Act on the subject prevails over the ordinance and that the provisions of the ordinance are invalid. (*Ex parte Daniels*, 183 Cal. 636, [192 Pac. 442].) It appears by the evidence to which we have referred that the court was justified in its finding of negligence on the part of the defendant under the provisions of the Motor Vehicle Act by reason of the same facts which would have made the driver's conduct negligent under the provisions of the ordi-

nance, if the ordinance had been in force. This being so, the admission of the ordinance in evidence, though erroneous, was not prejudicial to the defendant. In the case next to be cited, appellant contended that the court erred in admitting in evidence an ordinance of the city of Long Beach, containing certain regulations concerning the method of driving a vehicle in a public street. The court found facts showing that the conduct in question violated not only the provisions of the ordinance, but those of the statute. Thereupon the supreme court said: "In view of this finding it is not necessary to consider whether the . . . section 8 above referred to was superseded by the Motor Vehicle Act. It is to be noted that the court not only found that at the time of the accident the defendant was violating the said city ordinance, but, also, that he was violating the Motor Vehicle Act itself, in that he did not keep to the right of the center of the street intersection of said Third Street and Atlantic Avenue. For this reason, the admission of the ordinance, even if erroneous, would not be prejudicial." (*Pemberton* v. *Arny,* 180 Cal. 762, [182 Pac. 964, 967].)

The last point presented by appellant is that the damages awarded in this case are excessive. The evidence, which we will not take space to review, shows very serious injuries received by the plaintiff. The amount of the award is not great enough to raise any presumption that it was based on prejudice or passion, rather than sober judgment, and we are not able to say that it is grossly disproportionate to any reasonable limit of compensation warranted by the facts.

The judgment is affirmed.

Shaw, J., and James, J., concurred.